## DAGGETT v. ROBINS.

If the plaintiff, in an action of replevin, be nonsuited, he is not thereby barred from
  bringing another action of replevin; the merits of the cause not having been tried.
  This is the common law; and the statute in *England* of Ed. 1., prohibiting a second
  replevin after a nonsuit, is local to that kingdom and not in force here.
The action of replevin is not limited to cases of distress; but lies in all cases of a tor-
  tious and unlawful taking and detention of goods and chattels.
Writs of replevin, in this state, are issued out of the Circuit Court and returned thither
  as writs in other cases; and the action of replevin is proceeded in and tried as other
  actions are.

APPEAL from the *Vigo* Circuit Court.                     *Monday,*
                                                         *November 7.*
STEVENS, J.—This was an action of replevin, commenced by
the appellant against the defendant for certain goods and chat-
tels, which he alleged the defendant unjustly and unlawfully
took and detained from him.   The defendant pleaded in bar
that the plaintiff in the year 1829, in the *Vigo* Circuit Court,
by an action of replevin against the defendant, replevied the
same goods and chattels out of the defendant's possession; and
that at the *May* term, A. D. 1830, of said Circuit Court, the
said plaintiff was nonsuit, and the defendant had judgment
for a return of the goods and chattels; and that they were re-
turned by the sheriff of the county.   To this plea the plaintiff
demurred, and the demurrer was overruled by the Court and
judgment rendered for the defendant.

The principal question is, whether a nonsuit in replevin is a
bar to a second replevin.   By the common law it would be no
bar, but the statute of *Westminster* 2, (13 *Ed.* 1. *st.* 1.) chap. 2,
restrains the plaintiff in replevin from a second replevin after
nonsuit, but permits him to proceed with his first action by a
writ of second delivery, and if he should become nonsuit after
the writ of second delivery, no further proceedings can be had.
The counsel for the appellant insists, that the record in this
case shows it to be an action founded on a statute of the state,

authorising the action of replevin in all cases where goods and chattels are unlawfully taken or detained, and not governed by the statute of *Westminster*, which relates only to replevins founded on a distress for rent. The record does not show whether the action is founded on a distress for rent or not, nor is it material that it should; the action in either case, when once in Court, is governed by the same principles and rules of practice. The record in an action of replevin never shows whether it is bottomed on a distress for rent or not, unless the defendant in replevin spreads that fact upon the record by his avowry, cognizance, or other defence which he may make to the action. It is true, that at the time those proceedings were had in the *Vigo* Circuit Court, there were two statutes authorising the action of replevin, the one founded on a distress for rent, and the other regulating the proceedings, when the action is founded on any other unlawful and unjust taking or detaining of goods and chattels. But these acts only provide for the issue and service of the writ, the disposition to be made of the goods and chattels replevied, and the condition and effect of the replevin-bond, &c. The pleadings, prosecution, and proceedings in each action, and the judgment rendered, and the execution awarded, are the same, except as to costs.

The only action now in use is in the *detinuit*, and is an action that lies not only in the case of a wrongful distress for rent, but in all cases where goods and chattels are tortiously and unjustly taken and detained; and our statutes above noticed do not materially change the general doctrine on the subject. The passage in *Blackstone's* Commentaries, which says that replevin only lies in case of an unlawful distress, is unwarranted, and is contradicted by the best authorities in *England* and *America*. Vide 2 Saund. Plead. and Evidence, 760.—1 Chitt. Plead. 119.—*Bishop* v. *Montague*, Cro. Eliz. 824.—*Pangburn* v. *Patridge*, 7 Johns. Rep. 140.—*Shannon* v. *Shannon*, 1 Schoales & Lef. 327.—*Ilsley et al.* v. *Stubbs*, 5 Mass. 283. The action of replevin is founded on a tortious taking and detaining, and is analogous to an action of trespass, but is in part a proceeding *in rem*, to regain possession of the goods and chattels; and in part a proceeding *in personam*, to recover damages for the caption and detention, but not for the value thereof. Vide *Hopkins* v. *Hopkins*, 10 Johns. Rep. 373.—1 Chitt. Plead.

119.—1 Saund. Rep. 347. b. note 2.—*Fletcher* v. *Wilkins et al.* 6 East, 283 (1).

In *England* there are two kinds of replevin; first, by common law, when the writ issues out of the Court of chancery; second, by the statute of *Marlbridge*, 52 *Hen.* 3, which enables the sheriff to make replevins without any writ, and then, having taken security, proceed on the complaint of the plaintiff, either by parol or precept to his bailiff, and if a claim of property is put in, the writ *de proprietate probanda* at once issues, and is tried by an inquest, and if found for the plaintiff, the sheriff goes on to make the replevin, but if for the defendant, he forbears. If the writ issues out of chancery at common law, it is only directory to the sheriff to make replevin and proceed in the county Court, and is not a returnable process. In that case, the writ *de proprietate probanda* cannot issue until a pluries is issued and returned into the King's Bench or the Common Pleas, when a judicial writ may issue. Any of these suits are removable by either party into the King's Bench or Common Pleas, to be there determined. If the replevin be by writ in the county Court, it must be removed by a *pone;* if by plaint, it must be removed by a *recordari facias loquelam;* if in a Court of record that may hold pleas in replevin, it must be removed by a writ of *certiorari;* and if in the Court of another lord, it may be removed by *recordari* to the sheriff.

This much of the law of *England* is stated to show, that there can be no replevin under either the common law, or the statute of *Marlbridge*, without the aid of our statutes. The *English* law is founded on the usages and customs of that kingdom, growing out of the relation of landlord and tenant under the feudal system and the aristocratical doctrines of primogeniture, and is local to that kingdom and cannot be in force here. There are no two kinds of replevin in this state as in *England*, one by plaint and another by writ; nor is the writ in replevin liable to be defeated by a claim of property as it is in *England*, where such claim as before observed puts an end to the suit, unless it is revived by the writ *de proprietate probanda*. Our writs of replevin are returnable writs, and the party is required to appear on the return day. They issue out of the Circuit Courts as other writs do, and are there returnable; and the suit is docketed, proceeded in, set down for trial and tried, agreeably

53

to the laws and practice of the Court as other actions are. The statute of *Westminster* 2, (13 *Ed.* 1. *st.* 1.) chap. 2, is applicable only to actions of replevin founded on a distress for rent, and is not of a general nature, but is local to that kingdom and inconsistent with the laws, practice, and policy of this state, and therefore not in force. The Court, therefore, considers the plea of the defendant in this behalf insufficient in law to bar the plaintiff's action, and that the Circuit Court erred in overruling the demurrer thereto.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Huntington* and *Cone*, for the appellant.

*Farrington* and *Kinney*, for the appellee.

(1) The action of replevin, in this state, is not confined, as it is in *England*, to cases where there has been an *actual and wrongful taking* of the plaintiff's goods; but it lies, also, in cases where the goods of another are *lawfully acquired and unjustly and unlawfully detained.* Vide R. C. 1831, p. 424.—*Chinn* v. *Russell*, ante, p. 172, and note 3.—*Parsley* v. *Huston, May* term, 1834.