May Term,
1850.

BAER
v.
MARTIN.

---

## BAER *v.* MARTIN.

To sustain an action of replevin it is necessary for the plaintiff to prove either an unlawful taking or an unlawful detainer.

Monday,
October 28.

ERROR to the *Carroll* Circuit Court.

BLACKFORD, J.—This was an action of replevin brought by *John Martin* against *Michael Baer*, before a justice of the peace. Judgment by the justice for the defendant.

The plaintiff appealed to the Circuit Court.

The cause was submitted to the Court without a jury. Judgment for the plaintiff.

The cause of action filed was for the unlawful taking and the unlawful detainer of a certain grey mare of the value of 50 dollars.

The defendant was entitled to the general issue; the cause having originated before a justice of the peace.

The record contains all the evidence.

The following are the material facts proved:

One *William Martin* recovered a judgment for 25 dollars, before a justice of the peace, against the present defendant, *Baer*. The mare now in dispute was sold under an execution on that judgment to the present plaintiff, *John Martin*. There was no evidence as to who had possession of the mare at the time of the sale or at any other time. There was no demand of the mare proved to have been made by the plaintiff on the defendant.

May Term,
1850.

WILEY
v.
DOE.

There can be no doubt but that the judgment for the plaintiff is not supported by the evidence. To enable the plaintiff to recover, it was necessary for him to prove either an unlawful taking or an unlawful detainer. In this case he did neither.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings. Costs here.

*Z. Baird*, for the plaintiff.

*D. D. Pratt* and *J. W. Wright*, for the defendant.