Nov. Term, 1857.

CHISSOM
v.
LAMCOOL.

(1) *Ante*, 417.

---

CHISSOM *v.* LAMCOOL and Others.

Suit to recover possession of personal property. The instructions in the case, as applicable to the facts, are, it seems, correct; but if erroneous, the error is in favor of the appellant. The case turned upon the validity of a chattel mortgage. See the opinion.

*Semble*, that if, in a proceeding to recover possession of personal property, the property be seized on the writ and delivered to the plaintiff, on his giving bond, the judgment, if in favor of the plaintiff, must be that the property is in him, or that he is entitled to possession.

*Semble*, also, that if the property cannot be found, or if the plaintiff cannot give

bond, but be found entitled to possession; or if the verdict be for the defend-
ant—the jury must assess the value of the property, as well as damages for
its detention.

Nov. Term,
1857.

CHISSOM
v.
LAMCOOL.

Wednesday,
December 2.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.— Suit by *Lamcool, Lohr* and *Maloney,*
against *Chissom,* to recover possession of personal pro-
perty.

The property was taken upon the writ in the cause, and
delivered to the plaintiffs, they giving bond for its redeliv-
ery, if, &c.

The cause was tried by a jury, upon the general denial
of the complaint, and a verdict returned for the plaintiffs,
without finding the value of the property. The Court
denied a new trial and rendered judgment on the verdict.

The plaintiffs claimed the property as mortgagees; the
defendant, by virtue of a levy upon it of a writ of attach-
ment, as sheriff, in favor of one *Culp.* The mortgage was
duly recorded, and was not invalid upon its face.

On the day after the mortgage was executed, *Garber,*
the mortgagor and debtor, made an assignment of the same
and other property, for the benefit of his creditors, to *Lam-
cool,* one of the mortgagees. The assignment is not in the
record; we know nothing of its terms; and, as between
third parties, as those to this suit are, it cannot, in the state
of the record, have any influence.

The question in the cause turned upon the validity of
the mortgage.

The Court instructed the jury as follows: "The plain-
tiffs in this cause claim the property now in controversy,
under the mortgage that has been read to you.

"If you believe from the evidence, that that mortgage
was executed with the intent, on the part of *Garber,* the
mortgagor, and for the purpose of hindering or delaying
his creditors, you must find for the defendant.

"In ascertaining whether this mortgage was executed
with such intention, it is your duty to consider all the evi-
dence. It is proper for you to consider the evidence of the
witnesses, as well as the language of the mortgage itself.

"You must be satisfied from the evidence, that the plain-

tiffs were entitled to the possession of the property under the mortgage, at the time the same was attached by the defendant, or you must find for the defendant.

"A man in failing circumstances has a right to prefer creditors, and he may secure or pay such as he may deem proper, to the exclusion of others, if the debts are just and the transaction is fair.

"In determining as to the intent with which the mortgage was executed, you have a right, and it is proper for you, to consider all the evidence bearing upon that question—the fact that no time was specified for the payment, by *Garber*, of the debts mentioned in the mortgage as due to the plaintiffs, is a matter you have a right to consider."

As applicable to the facts of this case, these instructions are correct. At all events, if they contain error, that error is in favor of the appallant. It will be observed that they do not require any participation in the fraud on the part of the mortgagees, to vitiate the conveyance; and they seem to leave the construction of that conveyance entirely to the jury, in connection with the other evidence. See *Jenners* v. *Doe*, at the present term (1), and 8 Ind. R. 100. The mortgage was upon a consideration. See Roberts on Fraud, p. 30, note, 3 Amer. ed.; 1 Blackf. 262; 3 Ind. R. 574; 1 *id*. 405.

The jury found a general verdict, as we have stated, for the plaintiff. They also specially answered certain interrogatories; and the counsel for the defendant below asked for a judgment in his favor upon those answers, as being repugnant to the general verdict. The Court refused to render such judgment, and we think rightly. We discover no discrepancy between the special answers and the general verdict.

The jury did not find the value of the property. Section 339, 2 R. S. p. 115, requires that, "In actions for the recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property." In this case, the property had been seized by the coroner,

on the writ, and delivered to the appellees on their giving bond, so that there could be no judgment that they should recover the property. The proper judgment upon the finding of the jury in favor of the appellees was, that the property was in them, or that they were entitled to its possession. In case the coroner could not have found the property; or if he had found it, and the appellees had failed to give an undertaking as required by law, and they had been found by the jury entitled to the possession of it; or if the verdict had been in favor of the appellant— in either of these cases it would have been their duty to assess the value of the property, as well as the damages for its detention. The reason is obvious; because if the coroner had failed to seize the property, or the appellees had failed to give an undertaking, and yet had recovered, there should be a judgment for a recovery of the property, and if that judgment was not complied with, the value of such property could be made from the appellant. So, had there been a finding in favor of the appellant, he would have been entitled to a judgment of return; and in default of a compliance with such judgment, then to the value of the goods as assessed by the jury. See 2 R. S. p. 57, ss. 132, 133; *id.* p. 115, s. 339.

But if we are wrong in this construction, then we say that the error does the appellant no injury, and is no cause for a reversal of the judgment. 2 R. S. p. 162, s. 580.

As the appellant was entitled neither to the property nor its value, we do not see what matter of concern its value would be to him.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. C. Wilson* and *G. Gardner*, for the appellants.

*H. W. Chase* and *J. A. Wilstach*, for the appellees.

(1) *Ante*, 461. The part of the opinion referred to, is not embraced in the syllabus.