### STEVENS *v.* McCLURE.

REPLEVIN.—*Detinue.*—*Damages.*—Personal property left by the grantor upon real estate conveyed to a married woman was replevied from her husband by, and delivered to, such grantor on the day following that on which demand therefor had been made.

*Held,* that the plaintiff was entitled to nominal damages.

*Held,* also, that, in the absence of evidence of damage, an assessment of damages equal to the value of the property replevied was excessive.

From the Dearborn Circuit Court.

*W. H. Bainbridge, F. Adkinson* and *G. M. Roberts,* for appellant.

*N. S. Givan,* for appellee.

PERKINS, C. J.—Suit commenced before a justice of the peace, to recover possession of a fanning-mill. The mill was taken by the officers, by virtue of the writ, and delivered to the plaintiff. The suit was brought against Isaac Stevens, on whom the demand for the mill was made. The cause went by appeal to the circuit court. Jury trial in that court, verdict for the plaintiff, and for ten dollars damages for the detention of the property. New trial denied, and judgment on the verdict.

The only assignment of error in this court is, that the circuit court erred, in overruling the motion for a new trial.

The grounds upon which the motion for a new trial was rested were,—

1. There was no proof of any damage; and,
2. The damages given were excessive.

The evidence is before us by a bill of exceptions.

No attempt was made by the plaintiff to prove damage, resulting from the taking and detention of the property.

The property was not wrongfully taken from the plaintiff. It came to the possession of the wife of the defendant in this manner, viz.: The plaintiff sold and delivered possession to her, between two and three years prior to the commencement of this suit, of a farm. This fanning-mill was in the barn on the farm at the time, and had never been called for till the day before the commencement of this suit. Mrs. Stevens, the purchaser of the farm, supposed it was abandoned to her in the trade, as it had been left over two years in the barn, where it was when possession of the farm was delivered to her, and where she had suffered the inconvenience of giving it storage since that time.

Her possession of the mill was not wrongful till after demand and refusal. The demand was made upon, and suit brought against, the husband. It was replevied the next day after demand, and delivered to the plaintiff. The plaintiff lost no use of the mill, even for that day, as it was proved on the trial that the mill was so broken and out of repair that it was incapable of use when left in the barn, and had so continued ever since.

The highest value put upon the mill by any witness was ten dollars, while the majority of the witnesses put the value at from two to five dollars.

In such a state of facts, was the jury justified in giving ten dollars damage for the detention of the mill? This is the only question; for, if the jury were not, the court erred in refusing a new trial.

We answer the question in the negative. But nominal damages should have been given, and where the damages given are so large, in proportion to the value of the prop-

erty detained, as in this case, the damages were more than nominal; and under the circumstances of this case, were excessive, and entitled the party to a new trial. See *Blackwell* v. *Acton*, 38 Ind. 425.

We have not considered whether the demand was made upon, and the suit brought against, the proper person.

The judgment is reversed, with costs, and cause remanded, for further proceedings.