No. 576.

FARRAR v. EASH.

REPLEVIN.—*Form of Verdict.*—*Alternative Judgment.*—Under the statute a party bringing an action for the recovery of personal property may, if the proper affidavit is made and bond filed, have delivery of the property before trial, or he may waive such delivery in the first instance, and rely upon a successful termination of the action, in which case he will recover a judgment for the subsequent delivery of the property to him. In either case, however, it is the duty of the jury to fix the value of the property and assess the damages sustained by the detention. The jury having done this, it becomes the duty of the court to render judgment in the alternative "for the delivery of the property, or the value thereof in case delivery can not be had, and damages for the detention." See sections 549 and 572, R. S. 1881.

SAME.—*Usable Animal.*—*Measure of Damages.*—In an action of replevin for the recovery of a horse, the measure of damages for the detention thereof is the value of the use of the animal during the entire period of detention.

SAME.—*Excessive Damages.*—*What are not.*—Where the jury in an action of replevin found the value of the horse to be $115, and that the damages for its detention for about two years were $150, the verdict (there being evidence to support it) will not be disturbed, as it can not be said to be so grossly excessive as to appear outrageous at first blush.

From the Wabash Circuit Court.

*J. Farrar* and *A. Taylor*, for appellant.

*G. W. Holman, R. C. Stephenson, M. H. Kidd* and *N. G. Hunter*, for appellee.

REINHARD, C. J.—This was an action by the appellee against the appellant for the recovery of a horse. There was a verdict for the appellee, finding that he was the owner and entitled to the possession of the property, valued at $115, and that the same was unlawfully detained from him by the appellant, and assessing the damages for detention at $150. The court rendered judgment in the alternative, that the appellee have delivery of the horse, or if delivery could not be had that he recover the value and $150 in damages.

Over the appellant's objections and exceptions evidence

was admitted, and the jury were instructed to the effect that the measure of damages was the value of the use of the animal from the date of demand to the time of trial.

These rulings were assigned as causes for a new trial, together with the further cause that the damages are excessive. The overruling of the motion for a new trial is the only error relied upon for a reversal.

There was no writ issued for the delivery of the property in the first instance. The plaintiff below filed no bond and made no effort to obtain the property before trial. His counsel say in their brief that " he relied upon the recovery of the value and damages for detention."

One of the principal questions for us to determine is the proper measure of damages to be assessed in the verdict of the jury. A party who has his property taken from him by another, ordinarily has his choice of one of two remedies for such tortious act. He may sue for the recovery of the specific property under the statute, which is similar to the common law action of replevin, or he may sue for damages for the value of the property, which is in the nature of an action of trover. If he pursues the former course, he recovers the specific property, or if delivery of the same can not be had, the value thereof, together with damages for its detention. Sections 549, 572, R. S. 1881.

The measure of damages, in replevin, depends somewhat on the nature of the property. Where the article taken or detained is one having a considerable value for use, such as a work-horse, as in the present case, the measure of the damages for the detention is the value of the use of the property during the time of the unlawful detention. Wells Replevin, section 579 *et seq.;* 5 Wait Actions and Defences, 499 ; 3 Sutherland Damages, 540.

In actions of trover the rule is different. There the plaintiff can only recover for the value of the property at the time of the conversion, with interest from that time to the date of the verdict. The reason for this distinction is plain.

In replevin the plaintiff never ceases to claim the property as his own, but seeks to obtain it rather than its value. In such case the plaintiff being entitled to the use of the property of which he has been unlawfully deprived, and not having waived the title thereof, has a right to recover the value of such use in damages. In trover, on the other hand, the plaintiff concedes a change of title by the act of conversion, and recognizes ownership in the defendant. In that case damages for detention are waived, and it would be absurd to give the plaintiff compensation for the use of the property. Wells Replevin, section 580. See, also, *Walls* v. *Johnson*, 16 Ind. 374; *Yater* v. *Mullen*, 24 Ind. 277; *Hazzard* v. *Duke*, 64 Ind. 220; *Everson* v. *Seller*, 105 Ind. 266; Wells Replevin, section 546.

It is clear from the foregoing that the measure of damages was correctly given in the instructions, and the evidence introduced upon the subject was proper unless the proceeding was changed by the plaintiff's act to one in the nature of trover instead of replevin. As we have seen, the form of the action was replevin. Under the statute, a party bringing an action for the recovery of personal property may, if the proper affidavit is made and bond filed, have delivery of the property before trial, or he may waive such delivery in the first instance and rely upon a successful termination of the action, in which case he will secure a judgment for the subsequent delivery of the property to him. In either case, however, it is the duty of the jury to fix the value of the property and assess the damages sustained by the detention. Section 549, R. S. 1881. The jury having done this, it becomes the duty of the court to render judgment in the alternative "for the delivery of the property, or the value thereof in case delivery can not be had, and damages for the detention." Section 572, R. S. 1881. In the case at bar the jury and court properly dischaged this duty as declared by the statute.

In some of the States it is held that where the action is

Farrar *v.* Eash.

commenced as one in replevin, but at some stage in the procedure the plaintiff waives a delivery and relies upon a recovery in damages, the nature of the action is changed to that of trover, and then the damages will be measured by the rules governing in such actions. *McGavock* v. *Chamberlin,* 20 Ill. 219; *Henselman* v. *Kegel,* 60 Mich. 540; *Hasted* v. *Dodge,* 35 N.W. 462; *Romberg* v. *Hughes,* 18 Neb. 579.

The principle underlying these cases is that in replevin the property itself is delivered to the plaintiff if it can be had; if not, then judgment is given for its value. If the plaintiff voluntarily waives delivery, it can not be said that delivery can not be had, and this act of waiver is construed as an election on the part of the plaintiff to abandon further pursuit of the specific property and take judgment for its value as in trover. In such cases the rule for the measure of damages is declared to be the same as in trover.

The difficulty in adopting this rule under our statute is that it can not be determined until after judgment whether the plaintiff has elected to waive the delivery or not. If he fails to secure a delivery before judgment, he may still have one afterwards, for the judgment itself provides for it. If he chooses to rely upon the judgment for the value only, the defendant still has it in his power to avoid payment of such value by delivering the property in compliance with the order, whether execution issue or not. It can not be said, therefore, that by the act of taking a judgment for the value of the property the plaintiff waives his right to continue the proceedings in replevin, and deprives himself of the privilege of collecting the adjudged damages for the detention. The doctrine of the cases cited has, therefore, no application here. Whether the plaintiff sue out the writ of replevin originally or is content to abide the result of the trial and secure a judgment for such delivery, it is proper that the value of the property be fixed and damages for detention assessed by the jury, and an alternative judgment rendered

by the court. In either event the measure of damages is the same. In a case for the recovery of such property as that involved in the case in hand the rule is the value of the use of the property during the entire period of detention. This was the rule adopted by the court, and we think it committed no error thereby.

The remaining question is in reference to the amount of the damages assessed. It is claimed that these are excessive. The jury found that the horse was of the value of $115, and that the damages for detention for about two years were $150. It must be admitted that this appears to be a high valuation for the services of a horse of that value for ordinary farming purposes. It would seem highly improbable that an ordinary farm horse would earn $75 per year over and above the expenses of its keeping. There was evidence, however, tending to establish such value, and we can not say that the jury had no right to believe it. Unless the verdict is so grossly excessive as to appear outrageous at first blush, we can not disturb it. We must indulge every presumption in favor of the action of the lower court. It was the duty of that court to grant a new trial unless it was satisfied that substantial justice had been done by the verdict. We must presume that the court discharged this duty unless the contrary appears.

Judgment affirmed.

Filed Oct. 12, 1892.