HUNCHEON v. LONG.

[No. 3,321.    Filed November 23, 1900.]

REAL ACTIONS. — *Mesne Profits.* — *Possession.* — An action may be maintained, after the surrender of possession to plaintiff, for the rents and profits of land during the wrongful holding by defendant.

From the La Porte Circuit Court. *Reversed.*

*N. F. Wolfe, E. E. Weir, M. H. Weir* and *Lemuel Darrow,* for appellant.

*F. E. Osborn* and *H. W. Sallwasser,* for appellee.

COMSTOCK, J.—The question presented by this appeal and argued by counsel for appellant (the appellee has filed no brief) is the same question attempted to be raised in *O'Reilly* v. *Long, ante,* 529, viz., whether under the statute of this State a separate action for *mesne* profits independent of an action for the possession of real estate (the owner of the fee being in possession at the commencement of the suit), can be maintained. The complaint in the present cause contains an averment that plaintiff (appellant) was entitled to the possession of the real estate in question at the time he

was wrongfully kept out of its possession, an averment which was lacking in *O'Reilly* v. *Long, supra,* and for the want of which this court held the complaint in that case insufficient.

At common law when a person occupied the lands of another not a tenant but adversely, or under circumstances which showed that he did not recognize the owner as his landlord, the remedy was in an action in trespass for *mesne* profits after a recovery in ejectment. The primary object of the action of ejectment was to set at rest controversies in respect to the possession of lands, and to determine the rights of the respective claimants in a single action. But the action had a secondary object dependent upon the success of the plaintiff in attaining the first, viz., damages for the wrongful withholding by the defendant of the possession of the land; or, in other words, the *mesne* profits, that is, the profits of the land during the wrongful holding. Section 1062 Burns 1894, §1052 Horner 1897, gives a right of action for the possession of real estate to any one having a valid subsisting interest therein and a right to possession.

In many, perhaps most, of the states, it is provided by statute that the plaintiff may in the same action recover not only the possession of the land, but also damages for the wrongful use and occupation. Section 1070 Burns 1894, §1068 Horner 1897, so provides. Section 1071 Burns 1894, §1059 Horner 1897, provides that if the interest of the plaintiff expires before the time in which he could be put in possession, he shall obtain a judgment for damages only. As under our statute a recovery may be had in one suit for possession and for use and occupation of the premises wrongfully withheld, it would seem necessarily to follow that when possession had been obtained, whether by legal proceedings or by the voluntary surrender of the premises by the wrongdoer, the right to the *mesne* profits would still remain to the injured proprietor, and could be enforced.

It has been held in Pennsylvania that a defendant who

quits the premises in controversy pending the ejectment suit is not liable for *mesne* profits afterward accruing. *Mitchell* v. *Friedley,* 10 Pa. St. 198. In *Camarillo* v. *Fenlon,* 49 Cal. 205, it is held that if in the ejectment suit there is no finding of the value of the use and occupation of the premises, the plaintiff is not entitled to damages by way of *mesne* profits. Had appellant in the case at bar obtained possession by legal proceedings, without any claim for the use and occupation, a different question than the one before us would be presented.

Under §1071, *supra,* when the claim for possession no longer exists, the plaintiff may still recover damages. In the present case the possession only of the plaintiff has satisfied the claim for the primary remedy formerly obtained by action of ejectment. While we are unadvised of adjudications on the precise question, we think that reason and analogy give the appellant a right of action, and that the trial court erred in sustaining the demurrer for want of facts to his complaint.

The judgment is reversed for further proceedings in harmony with this opinion.