EUGENE R. BONEK *v*. GEORGE B. PLAIN.

[No. 1271A258. Filed October 24, 1972.]

*Charles A. Sweeney, Jr.*, of *Roemer, Sweeney & Roemer*, of South Bend, for appellant.

*Alexander Lysohir, Thomas H. Singer, Lysohir & Singer*, of South Bend, for appellee.

STATON, J.—*STATEMENT ON THE APPEAL:* George B. Plain was operating his 1961 Mercedes-Benz in an easterly direction on LaSalle Street in South Bend, Indiana on March 23, 1968. When he stopped for the red traffic light at the intersection of LaSalle and Hills Streets, his automobile was struck in the rear by Eugene R. Bonek who was driving a 1959 Rambler. George B. Plain, a surgeon, suffered personal injuries and property damage as a result of the collision. A jury returned a verdict for George B. Plain and found his damages to be $23,000.00. Eugene R. Bonek's motion to correct errors and brief urge these errors on appeal:

1. The trial court's refusal of his Instruction Number 2.
2. The damages assessed by the jury were excessive.

We find no error and affirm the judgment of the trial court in our opinion which follows.

*STATEMENT OF FACTS:* George B. Plain had stopped his 1961 Mercedes-Benz Automobile at the intersection of LaSalle and Hill Streets in South Bend, Indiana on March 23, 1968. His automobile was struck from the rear by a 1959 Rambler being driven by Eugene R. Bonek. Eugene R. Bonek had failed to stop for the traffic signal at the intersection. The police were called to the scene of the accident and arrived at approximately 6:45 o'clock P.M. Both cars were removed to Ziker Cleaner's lot on the northwest corner. Eugene R. Bonek had the odor of alcohol on his breath and was requested by the police to take a breathalizer test. He tested .23% of 1%. Later he pleaded guilty to reckless driving.

Dr. George B. Plain, a practicing surgeon, brought an action for damages suffered in the collision. A jury trial was held in the St. Joseph Superior Court on June 21st and 22nd, 1971. Dr. George B. Plain's injury had been diagnosed as a sprain of the cervical spine which resulted in nerve irritation with resultant paresthesia in the right forearm and hand. This paresthesia in the right forearm and hand caused a frequent tingling sensation in his fingers and is expected to be permanent. The jury returned a verdict for Dr. George B. Plain and awarded him damages in the sum of $23,000.00. Eugene R. Bonek filed his motion to correct errors and his brief which urges two errors.

*STATEMENT OF THE ISSUES:* Refusal of Eugene Bonek's tendered Instruction Number 2 and the excessiveness of the jury's verdict are the only two issues that will be discussed in this opinion. These two issues are interlocking since it is Eugene Bonek's contention that the trial court's refusal to give his Instruction Number 2 resulted in the jury giving George B. Plain an excessive verdict.

*STATEMENT OF THE LAW:* Eugene R. Bonek contends

that the trial court committed error by refusing his tendered Instruction Number 2. His contention is:

"... that the failure of the Court to grant this Instruction let the jury decide the issue of damages in this case based upon evidence they had heard concerning the defendant's intoxication, which facts and circumstances in this case would tend to inflame the jurors against the defendant. It is contended that because of the status of the parties, that is, the plaintiff being a physician of excellent reputation in the City in which the trial was held and the defendant being a blue-collar worker who was under the influence of alcohol at which time he collided with the stopped, parked car of the plaintiff would, without the qualifying referred to Instruction, inflame the jury against the defendant and award damages which were the product of prejudice and passion in an amount that is excessive in light of medical testimony on the degree of permanency."

Instruction Number 2 is as follows:

"There has been testimony in this case from witnesses on the question of the Defendant's state of intoxication at the time of the collision in question. You are instructed that any testimony concerning tests administered by the South Bend Police Department and the results thereof are not to be considered by you in your deliberation of the question of damages in this case."

Eugene R. Bonek made this objection to the trial court when it refused to give his tendered Instruction Number 2:

"... The defendant objects to the Court's refusal to give the defendant's tendered instruction number 2. The defendant objects to the Court's refusal to instruct the jury in the above recited instruction for the reason that any evidence concerning intoxication gleaned by the South Bend Police Department is evidence that is germane only to the criminal action which criminal action has already been decided and disposed of by the South Bend City Court on a plea of guilty to reckless driving.

"The defendant further objects to the refusal to give this said instruction to the jury for the reason that the result of intoxication tests should not be considered by the jury on the question of damages when they deliberate this question."

Eugene R. Bonek's contention may be summarized as follows: The jury should be admonished by the court that his state of intoxication should not be considered for the purpose of assessing damages. His state of intoxication goes only to the question of liability. Conceding that such an admonition is warranted in the present case, we must look to all of the instructions given and consider them as a whole to determine whether the jury was fairly and properly instructed. *Palmer* v. *Decker* (1970), 253 Ind. 593, 255 N. E. 2d 797; *Chicago, Indianapolis and Louisville R. R., Inc.* v. *Freeman* (1972), 152 Ind. App. 492, 284 N. E. 2d 133.

If the substance of Eugene R. Bonek's Instruction Number 2 is contained in other instructions given by the trial court then no reversible error exists. The trial court has no duty to repeat instructions with similar meanings. *Trent* v. *Rodgers* (1952), 123 Ind. App. 139, 104 N. E. 2d 759.

Plaintiff's Instruction Number 8 adequately covers in substance that which is proposed by Eugene R. Bonek's tendered Instruction Number 2. In part, Plaintiff's Instruction Number 8 admonishes the jury that:

". . . In determining the amount of damages, if any, which should be awarded to the plaintiff, you can add nothing by reason of sympathy for the plaintiff or as punishment for the defendant, . . ."

The jury was adequately cautioned against punishing the defendant in their award of damages. We find no error.

The second issue is whether the jury's verdict was excessive.[1] The trial court did not grant a new trial subject to

---

1. No authority has been cited by Eugene R. Bonek in support of this contention as required by Appellate Rule 8.3(A)(7). We will consider this issue on the merits, but we caution against this practice. Appellate Rule 8.3(A)(7) states:

"(7) An argument. Each error assigned in the motion to correct errors that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto. If substantially the same question is raised by two [2] or more errors alleged in the motion to correct errors, they may be grouped and supported by

remittitur as it could have done under TR. 59 (E) (5) of the Indiana Rules of Procedure, IC 1971, 34-5-1-1. *Borowski* v. *Rupert* (1972), 152 Ind. App. 9, 281 N. E. 2d 502. Dr. George B. Plain is a surgeon. The evidence was that he suffered from paresthesia or low voltage electrical shocks which are very annoying to him. He has managed to discipline himself to scrubbing, changing clothes and operating at the hospital without reacting to these recurring electrical shocks. The test which reflects excessive damages was stated by this court in *Allison* v. *Boles* (1967), 141 Ind. App. 592, 597-598, 230 N. E. 2d 784, 787:

> ". . . The general rule of law applicable which has been the one recognized for over a hundred years, is to be found in the case of *Coleman* v. *Southwick* (1812), 9 Johns N. Y. 45, 6 Am. Dec. 254, wherein Chancellor Kent stated:
>
>> 'It is not enough to say, that in the opinion of the court, the damages are too high and that we would have given much less. It is the judgment of the jury, and not the judgment of the court, which is to assess the damages in actions for personal torts and injuries . . . The damages, therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line, for they have not standards by which to ascertain the excess.' "

We cannot say as a matter of law that $23,000.00 is flagrantly outrageous and extravagant for 15 years of suffering from electrical shocks such as Dr. George B. Plain will have to

---

one [1] argument. The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

"When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto. Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived."

endure while performing his professional duties as a surgeon. We find no error.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J., and Sharp, J., concur.

NOTE.—Reported in 288 N. E. 2d 185.