LOU LEVENTHAL AUTO CO., INC., MID STATE AUTO CO., INC.
*v.* JOE MUNNS.

[No. 1-474A66. Filed June 4, 1975.]

369

*Gene R. Leeuw, Klineman, Rose and Wolf,* of Indianapolis, for appellants.

*Mark Peden, Foley, Foley and Peden,* of Martinsville, for appellee.

LOWDERMILK, J.—Defendant-appellant (Leventhal) brings this appeal from an award of damages arising from plaintiff-appellee's (Munns) suit for replevin, and from the overruling of his counterclaims for replevin and abuse of process.

The evidence discloses that Munns agreed to purchase from Leventhal a 1963 pick up truck, at a price of $595.00, plus a finance charge of $100.00. Munns tendered a down payment of $250.00 which consisted of $100.00 cash and an automobile (Buick) valued at $150.00. Although there is some conflict,

the evidence most favorable to Munns is that the title for the Buick was signed by Munns and given to the sales person when the deal was consummated. Leventhal retained a lien on the truck, and Munns was to make payments at $15.00 per week for 29 weeks, and a final payment of $10.00. The Buick was left at the Leventhal car lot and Munns drove away in the truck.

The following day Munns discovered the truck had not been reinspected by Leventhal prior to sale, as required by law, and Munns took the truck to a mechanic to have it inspected. Munns, however, was informed that in order to pass inspection the truck needed approximately $400.00 worth of repairs. Upon receiving this information Munns returned to Leventhals and requested they make the necessary repairs. Leventhal replied that he was willing to make only certain repairs, which amounted to a small amount of the work allegedly needed. Following this conversation with Leventhal, Munns proceeded to the nearest telephone and notified the police of the past course of events and requested their advice as to what action should be taken. The result of the phone call to the police was that Leventhal was urged by a member of the police force to rescind the deal. Munns again returned to Leventhals and although Leventhal agreed that the contract would be rescinded, he stated he was unable to find the title to the Buick. Munns, not wishing to leave the lot without title to the Buick, refused to retrade the truck.

In the weeks that followed Munns continued to make payments, though still dissatisfied, and Leventhal made several requests to Munns that he sign an application for a duplicate title so that the rescission of the contract could be completed. Munns, however, had by this time secured counsel and was advised not to sign the application for duplicate title. Inasmuch as Leventhal was not receiving cooperation as to what he considered to be Munns' duty or obligation in helping him secure duplicate title, several letters were sent to Munns, offering to rescind the transaction if only Munns would assist

them in procuring the new title. These letters also threatened repossession of the truck if assistance from Munns was not forthcoming.

Finally, on Saturday, March 18, 1972, Munns tendered a payment to Leventhal and it was necessary to enlist local police in forcing Leventhal to accept the payment. The following Monday morning Munns awoke to find his truck gone. Munns immediately contacted police and related the events of the past weeks. The police then contacted Leventhal and were able to confirm that he did repossess the truck, and had it in his possession in Indianapolis. Munns was then directed by the police to the Morgan County Prosecutor's office, where he explained what had happened, and exhibited "papers—all (his) papers and stuff." Munns testified that the Prosecutor "went on from there."

On March 30, 1972, State Police officers arrived at Leventhal's place of business and informed him that they had a search warrant and that they intended to seize the truck. It does not appear that Leventhal was shown the warrant, and although Leventhal explained he had seized the truck and was holding it pursuant to the lien, he released the truck to the police. The truck was removed to Allen's Body Shop (a defendant below) in Martinsville.

On March 31, 1972, Leventhal filed a motion to suppress and return seized property and while this motion was pending in the Morgan Superior Court, Munns filed his action for replevin and immediate possession on April 12, 1972. On that latter date a writ of replevin was issued and the truck was replevied from Allen's Body Shop. No criminal charges were ever filed against Leventhal with regard to the taking of the truck.

Trial on Munns' complaint and Leventhal's counterclaims was had on April 17, 1972, with the final judgment in favor of Munns and an award of $30.00 compensatory damages and $1,500.00 punitive damages, all subject to payment of the contract. Leventhal's counterclaims were overruled and no

judgment was rendered against defendants Allen's Body Shop and Mid State Auto Co., Inc.

## I.

On appeal, Leventhal raises several arguments relating to sufficiency of the evidence. We have determined, however, that with regard to both the main action and the counterclaims these arguments were not adequately preserved in the motion to correct errors, and are therefore waived.

Leventhal's motion to correct errors states that he had title to the truck, and that Munns was behind in payments. However, the only portions of the motion relating to sufficiency of the evidence are very general in nature, to-wit:

"3. The Judgment in favor of Plaintiff and against Defendants was not supported by sufficient evidence in the record of this cause and the damages awarded by the trial Court were clearly excessive.

4. The Judgment in favor of Plaintiff and against Defendant on Defendants' Counter-Claim was erroneous as a matter of law in that the Court's decision was contrary to the weight of the evidence submitted by both parties."

We consider these statements insufficient to preserve the arguments raised for the first time on appeal. Ind. Rules of Procedure, Trial Rule 59(G), *Adkins* v. *Elvard* (1973), 155 Ind. App. 672, 294 N.E.2d 160. TR. 59(A)(4) states that a judgment may be corrected where:

"(4) The verdict or decision is not supported by sufficient evidence upon all necessary elements of a claim or defense, or is contrary to the evidence *specifically pointing out the insufficiency or defect;*" (Emphasis added.)
Further, section (B) of that same rule states, in part, that:

"(B) Form of motion . . . The statement of claimed errors shall be specific rather than general, and shall be *accompanied by a statement of the facts and grounds upon which the errors are based.*" (Emphasis added.)

It is our opinion that there are no specific arguments in the motion to correct errors. Therefore, we cannot consider them

on appeal. There remains only the general question of the sufficiency of all the evidence. In this regard, we note there was a definite conflict in the evidence as to whether there was a default by Munns, and as to whether Munns had instigated the criminal process. This court will not weigh the evidence on appeal. If there is sufficient evidence, when viewed most favorably to appellee Munns, we must sustain the judgment. *Muehlman* v. *Keilman* (1971), 257 Ind. 100, 272 N.E.2d 591; *Johnson* v. *Mills* (1973), 157 Ind. App. 620, 301 N.E.2d 205; *Duvall* v. *Carsten-McDougall-Wingett, Inc.* (1973), 156 Ind. App. 553, 297 N.E.2d 861. We find there is sufficient evidence in support of the judgment in all respects, and therefore the judgment was not contrary to law.

## II.

The only remaning issues are whether it was proper to award damages, and whether the damages were excessive.

While Leventhal admits he had possession of the truck, he argues there could be no proper award of damages for loss of use because the repossession was "prudent and lawful." Further, Leventhal contends the punitive damages were improper because there was no evidence of fraudulent or malicious conduct. Here, Leventhal argues that he was within his statutory rights (IC 1971, 26-1-9-503 (Burns Code Ed.)) to repossess, and that such conduct cannot support an award of punitive damages.

Munns' arguments in this regard are confined almost completely to the issue of punitive damages. Munns maintains that evidence that Leventhal sold the truck in great disrepair; that excessive interest was charged; and that the truck was taken "by stealth of night" is sufficient to show malice or oppressive conduct. Munns further notes he was without the truck for many weeks, and that he lost work while spending large sums of money to have the truck repaired.

Before proceeding to a determination of the precise question, however, we feel it is necessary to consider a problem

inherent in the factual situation, the resolution of which is required to reach a proper decision in this case.

The replevin statute applicable to the case at bar reads as follows:

> "34-1-8-1[3-2701]. When action lies.—When any personal goods are wrongfully taken, or unlawfully detained from the owner or person claiming the possession thereof, or when taken on execution or attachment, are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof."

The plain words of the statute disclose that (1) the action encompasses both a wrongful taking and detention (formerly replevin), and an unlawful detention (formerly detinue); and (2) the primary purpose of a replevin action is to regain *possession* of the property.

The above statute has evolved from the common law actions, and is well founded in the decisions of this State. *Helman* v. *Withers* (1891), 3 Ind. App. 532; *Daggett* v. *Robins* (1831), 2 Blackf. 415; *Baer* v. *Martin* (1850), 2 Ind. 229; *Rose* v. *Cash* (1877), 58 Ind. 273, 281; *VanGorder, et al.* v. *Smith* (1884), 99 Ind. 404; *Woods* v. *Shearer* (1914), 56 Ind. App. 650, 105 N.E.2d 917; *Ring* v. *Ring* (1961), 131 Ind. App. 623, 174 N.E.2d 58; generally, see Wells, Replevin §§ 32, 39, 134-151 (1880); 25 I.L.E. Replevin § 2 (1959).

To maintain an action in replevin it has also been necessary to show that the defendant was in actual or constructive possession of the property when the action was commenced. *Owens* v. *Gascho* (1899), 154 Ind. 225; *VanGorder* v. *Smith, supra; Teeple* v. *Dickey* (1883), 94 Ind. 124; *West, Tr.* v. *Graff* (1899), 23 Ind. App. 410; *Morgan* v. *Jackson* (1903), 32 Ind. App. 169.

This requirement was essential to the nature of the action inasmuch as the primary object of the suit was to regain property. It was thought necessary that the defendant possess the property so that he could respond to the demand of the plaintiff or the writ issued by the court.

The facts in the present case clearly establish that Leventhal was not in actual or constructive possession of the truck when the action was commenced; the truck having been removed under authority of apparent criminal process. This fact was evidently known to Munns, since the writ for immediate possession was directed to Allen's Body Shop in Martinsville, as well as Leventhal.

The problem inherent in the above facts is presented by IC 1971, 34-1-27-1 (Burns Code Ed.), which states:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or the value thereof, in case a delivery can not be had, and damages for the detention. When the property has been delivered to the plaintiff, the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value, in case a return can not be had, and damages for the taking and withholding of the property."

By the terms of the statute, the plaintiff may be awarded both possession *and* damages for detention of the property. The question posited, therefore, is: Should the action be allowed to continue to an award of *damages,* where the defendant is divested of the property prior to the commencement of the legal proceeding—especially where, by writ of replevin, the plaintiff has regained the property at the threshold of the action.

There can be no question that damages for loss of use are proper in a replevin action. *Chissom* v. *Lamcool* (1857), 9 Ind. 530; *Weddle* v. *I.R.C. & D. Whse. Corp.* (1949), 119 Ind. App. 354, 85 N.E.2d 501; *Farrar* v. *Eash* (1892), 5 Ind. App. 238. The only question is whether an award of damages may be properly given independently of a judgment for the physical possession of the property.

The courts of this State have recognized that a defendant in a replevin action cannot avoid liability by voluntarily transferring the property to a third party. *Helman* v. *Withers,* *supra.* In the case at bar, however, Leventhal released the

property only upon demand of police, who apparently were armed with a search warrant. It cannot be said that the transfer by Leventhal was an attempt to defeat Munns' right to possession, nor can it be said that Leventhal was constructively in possession after the truck was seized.

It is our opinion that the action, being the sole remedy for unlawful taking and/or detention, should continue to allow the recovery of damages for loss of use. Although there appear to be no cases directly on point, several decisions offer support for our position.

In *Farrar* v. *Eash, supra,* the court recognized that:

". . . Under the statute, a party bringing an action for the recovery of personal property may, if the proper affidavit is made and bond filed, have delivery of the property before trial, or he may waive such delivery in the first instance and rely upon a successful termination of the action, in which case he will secure a judgment for the subsequent delivery of the property to him. In either case, however, it is the duty of the jury to fix the value of the property and assess the damages sustained by the detention. . . ." 5 Ind. App. at 240.

Further, in the case of *Chissom* v. *Lamcool, supra,* our Supreme Court stated:

". . . In this case, the property had been seized by the coroner, on the writ, and delivered to the appellees on their giving bond, so that there could be no judgment that they should recover the property. . . . In case the coroner could not have found the property; or if he had found it, and the appellees had failed to give an undertaking as required by law, and they had been found by the jury entitled to the possession of it; or if the verdict had been in favor of the appellant—in either of these cases it would have been their duty to assess the value of the property, as well as the damages for its detention. . . ." 9 Ind. at 507.

Finally, in *Daggett* v. *Robbins, supra,* the court noted the dual purpose of a replevin action:

". . . The action of replevin is founded on a tortious taking and detaining, and is analogous to an action of trespass, but is in part a proceeding *in rem,* to regain possession of the goods and chattels; and in part a proceeding *in personam,* to recover damages for the caption and detention, but not for the value thereof. . . ." 2 Blackford at 491.

In addition to the above cases, we find enlightening some analogous authority from the area of ejectment—which is similarly an action primarily directed to regaining possession. We note that the statutes and cases in this area seem to allow for an award of damages, even after the property is recovered by the plaintiff.

Two pertinent statutes read as follows:

"34-1-48-6[3-1315]. Proof of defendant's possession—When needless.—Where the defendant makes defense, it shall not be necessary to prove him is possession of the premises."

"34-1-48-8[3-1321]. When plaintiff recovers damages only.—If the interest of the plaintiff expire before the time in which he could be put in possession, he shall obtain a judgment for damages only."

Further, in the case of *Huncheon* v. *Long* (1900), 25 Ind. App. 530, the court recognized the propriety of awarding *mesne* profits, although possession had been regained:

". . . The primary object of the action of ejectment was to set at rest controversies in respect to the possession of lands, and to determine the rights of the respective claimants in a single action. But the action had a secondary object depending upon the success of the plaintiff in attaining the first, viz., damages for the wrongful withholding by the defendant of the possession of the land; or, in other words, the *mesne* profits, that is, the profits of the land during the wrongful holding. . . . [I]t would seem necessarily to follow that when possession had been obtained, whether by legal proceedings or by the voluntary surrender of the premises by the wrongdoer, the right to the *mesne* profits would still remain to the injured proprietor, and could be enforced.

\* \* \*

. . . [W]hen the claim for possession no longer exists, the plaintiff may still recover damages. . . ." 25 Ind. App. at 531, 532.

In light of the above, we hold that although the defendant may not have possession of the disputed property at the threshold of the action, damages for wrongful detention or loss of use may still be recovered in the replevin action, should the taking or detention be

shown wrongful. We feel this conclusion is in accord with the general principle that a party should be fully compensated for the wrong committed. *Johnson* v. *Culver* (1888), 116 Ind. 278, 19 N.E. 129; *Jeffersonville Silgas, Inc.* v. *Wilson* (1972), 154 Ind. App. 398, 290 N.E.2d 113 (both actions in conversion.) We perceive of no other action which would as adequately provide for a complete settlement of issues in litigation of this type.

## DECISION

Having decided that damages may be properly awarded, we now determine whether the amounts here involved were excessive.

Initially, we note that while the loss of use occasioned by mechanical failures may have been costly to Munns, we are here concerned only with loss of use caused by the *wrongful detention* of the truck.

The evidence clearly establishes that the truck was detained by Leventhal for a maximum time period of eight (8) to ten (10) days. From March 30, 1972, until April 12, 1972, the truck was in the custody of Allen's Body Shop, allegedly being held as evidence for a criminal prosecution. Therefore, inasmuch as Leventhal's control was terminated by police, the compensatory damages are proper only for the period of March 20th or 22nd until March 30, 1972.

In replevin actions, the usual measure of damages would be the value of loss of use, measured by the fair rental value, if possible. *Farrar* v. *Eash, supra;* generally, see 77 C.J.S. Replevin § 277; 66 Am. Jur.2d Replevin § 119. In the case at bar, however, we are not presented with any formula which was used to reach an award of $30.00 compensatory damages. Nonetheless, it is clear that once a wrongful detention is established at least nominal damages may be awarded. *Stevens* v. *McClure* (1877), 56 Ind. 384; *Yelton* v. *Slinkard,* et al. (1882), 85 Ind. 190; generally, see 77 C.J.S. Replevin, § 268. In our opinion, the award of

$30.00 was nominal, and, therefore, there could be no error in the award.

Leventhal also argues that the award of $1,500 punitive damages was erroneous and excessive. Leventhal maintains he was within his statutory rights, and that there was no evidence of oppressive conduct. Leventhal contends that, at most, he was guilty of an error in judgment.

In reply, Munns emphasizes that there was no failure of the down payment. Munns also notes the manner of repossession, and argues that the amount must be sufficient to deter similar wrongdoing.

The courts of this state allow punitive damages wherever the facts indicate malice, gross fraud, oppressive conduct or a heedless disregard of the consequences. See, *Jones* v. *Hernandez* (1970), 148 Ind. App. 17, 263 N.E.2d 759; *Physicians Mutual Ins. Co.* v. *Savage* (1973), 156 Ind. App. 283, 296 N.E.2d 165; *Moore* v. *Waitt* (1973) 157 Ind. App. 1, 298 N.E.2d 456. In determining whether the award was proper, we must look at the evidence most favorable to appellee Munns. *True Temper Corp.* v. *Moore* (1973), 157 Ind. App. 142, 299 N.E.2d 844.

Without detailing the evidence at this point, it is apparent that a sharp conflict as to the proper duties, liabilities and tactics of the parties exists. In such a case, the weight assigned to any particular evidence may depend to a certain degree on the demeanor and conduct of the witnesses. Such a task falls squarely within the province of the trier of facts.

In addition, we feel that the question of improper conduct giving rise to exemplary damages is not judged by absolute standards. What may be oppressive in one situation may not be in another.

Thus, while the question is a close one, in our opinion there was sufficient evidence to allow an award of punitive damages on the grounds of heedless disregard of the consequences, or oppressive conduct. In this respect, we note in passing that

the mere existence of statutory procedures for self-help repossession does not automatically sanction all conduct related thereto.

We are also of the opinion that the amount of damages was not excessive. Although the ratio of punitive to compensatory damages is high (50 to 1), this alone is not conclusive of an improper award. The amount here awarded is not so large as to appear the result of passion or prejudice, and is therefore not excessive. *Bonek* v. *Plain* (1972), 153 Ind. App. 516, 288 N.E.2d 185; *Murphy Auto Sales, Inc.* v. *Coomer* (1953), 123 Ind. App. 709, 112 N.E.2d 589.

Finally, we briefly consider a procedural matter.

Leventhal has requested that his appeal be liberally construed because the matter was under advisement from April until October, 1972. Leventhal maintains that the delay made it very difficult to prepare a comprehensive motion to correct errors and to recall pertinent facts.

Although we have no indication of why judgment was withheld for over six months, Leventhal has failed to avail himself of established procedure in such situation. The Ind. Rules of Procedure, Trial Rule 53.2(a) specifically sets a ninety (90) day time period after which an interested party may have the issues removed from that particular judge. However, an interested party must follow the required procedure since the expiration of time does not automatically remove from the trial court's jurisdiction. Ind. Rules of Procedure, Trial Rule 53.1(B) ; *Blum's Lumber & Crating, Inc.* v. *James* (1972), 259 Ind. 221, 285 N.E.2d 822. Appellant, Leventhal, instead of seeking to remove the issues from the court's jurisdiction preferred to await the eventual judgment. Therefore, this court has construed the appellant's appeal the same as any other application, in the light most favorable to the appellee.

Finding no reversible error, the judgment of the trial court is affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 328 N.E.2d 734.