Judge Bircii
delivered the opinion of the court.
By the sinking of a steam boat, the Alton Marine and Fire Insurance Company became the owners, by abandonment, of a quantity of iron water pipe. Shortly afterwards, one Dickenson entered into an agreement with the company, the substance of which was, as finally concluded, that the company was to advance him two hundred dollars to enable him to proceed with the enterprise of raising the pipe, and that when it was effected, he was to have two, thirds and the company one third of it; the whole, however,, to be placed in the hands of E. &, A. Tracy, who were to hold it as security for reimbursing ta the company the money thus advanced, together with twelve per centum interest upon it, as allowed by the law of Illinois. The money being advanced, and Dickenson having succeeded in raising a portion of the pipe, it was placed in the possession of the Messrs. Tracy, with a request from both Dickenson and the company that they should sell it to the city of St. Louis. It was subsequently removed from the lot upon which it had been placed in the possession of the Traeys ;■ whether before, at the time, or after its sale by Dickenson to the defendant, it is deemed unnecessary to enquire, as it is not pretended that either the Traeys or the company had any agency in doing it. Robbins afterwards sold the pipe to the corporate authorities of the city for the sum of ten hundred and twenty three dollars and sixty two cents, and received in the ordinary manner its official order and warrant for the money. As neither the testimony which has been preserved, nor the affidavit for a new trial, suggests any doubt respecting the proper redemption of the warrant in question, and as it is moreover proven that the treasury of the city was solvent at the time, we think the jury, who were instructed that “unless they believed from the evidence that Robbins received the money on the saje of the pipe, they would find for the defendant,” were warranted in finding that he did receive it. The repeated decisions of this court, refusing to disturb the finding of a jury under such circumstances, need scarcely be referred to. 6 Mo. Rep. 63; 8 Ib. 437; 9 Ib. 838.
*384 It is objected, however, in the argument, but for which the point would have probably been unapparent, that the company having sued Robbins in assumpsit, and the parties being tenants in common, the action mas misconceived. How this might have been if the possession and the title (whatever their nature) had not been vested by each party in the Tracys for the specific purpose mentioned, need not here be discussed. Nor is it necessary, as it seems to us, to examine the intermediate means whereby the defendant came into the subsequent possession. Unless he purchased the interest and the lien of the company, its rights remained unimpaired ; and having found the defendant in the possession of a sum of money derived from the sale of property, out of which they were to have been paid a specific and proportionate part, we are unable to perceive the necessity of a resort to chancery, or any other proceeding in preference to the present, in order to settle with fairness and facility both the rights of the plaintiffs and the liability of the defendant. We perceive, therefore, no error in the courts refusal to instruct the jury, that “on the evidence in the case the plaintiff was not entitled to recover;” a mode of presenting a legal question, of which this court but repeats its previous reprehensions for the purpose of adding that stronger reasons must exist in the future than in the past, if a point thus raised is again entertained.
Concerning the alleged excessive damages, it is found that after adding to the sum advanced the interest which accrued upon it until the finding of the verdict of the jury, and adding to the sum of three hundred and forty one dollars and twenty cents, (which was the third part of the proceeds of the sale to the city) the interest, which in like manner accrued upon it, the aggregate sum thus produced exceeds that for which the plaintiff took his judgment. We cannot, therefore, disturb the judgment on this ground.
The only remaining reason for awarding a new trial in, this case is held to consist in the alleged surprise of the defendant. As this, however, when stripped of the ingenious drapery of the affidavit, resolves itself into the every day complaint of the loosing party, either that he was mistaken as to the nature of his case, or in the testimony of the witnesses who swore upon it, we apprehend that even the courtesy which should at all times be cultivated between the bench and the bar, does not require of us a more specific or extended demonstration of the insufficiency of the reasons assigned.
Perceiving then, upon a view of the whole case, no reason to justify *385 the interposition of this courtj the judgment of the court of common pleas is affirmed, with costs.