## GRIFFITH *v.* BOGARDUS.

A SAFE in the possession of McC. belonging to W., F. & Co. for whom, as also for plaintiff, he was agent, contained six thousand dollars in coin. Of this sum, four hundred dollars belonged to W., F. & Co. the balance to plaintiff. Defendant, as Sheriff, under a writ against McC. seized eighteen hundred dollars of the money in the safe as his property, and put it in a bag. Plaintiff then claimed the money as his, McC. being present and not objecting. *Held*, that this amounted to a segregation of the eighteen hundred dollars from the mass of coin in the safe, so as to sustain replevin by plaintiff.

At least, there was evidence enough to go to the jury on the question of severance between the money of W., F. & Co. and the money of plaintiff.

APPEAL from the Eleventh District.

McCormick was agent of Wells, Fargo & Co. at Mud Springs. Being without means, as was generally known, he induced plaintiff to advance four thousand dollars with which to carry on the gold dust and banking business, in connection with his agency for Wells, Fargo & Co. Plaintiff advanced the money, with the understanding that the business was to be his, and McCormick was to receive a salary of seventy-five dollars per month, or a commission on the net profits. The business was conducted in the name of McCormick, some of the depositors knowing that plaintiff furnished the money, and others being ignorant of that fact, though aware that it came from some outside source. The business was carried on for six weeks, when defendant, as Sheriff, proceeded to the banking-house with an attachment in the suit of *Sutton* v. *McCormick,* upon a debt long antecedent to the time plaintiff advanced the money. Plaintiff kept the money used in his business, as also the money of Wells, Fargo & Co. in a safe belonging to the latter. There were six thousand dollars in coin in the safe. This coin was received from the United States

Mint in exchange for gold dust, bought with the money furnished by plaintiff, and deposited by third persons. McCormick testified, and there was nothing to the contrary, that four hundred dollars of this coin belonged to Wells, Fargo & Co. who owed him twenty-five dollars commissions, and the balance to plaintiff, there being one thousand or two thousand dollars due depositors. The Sheriff took from the safe eighteen hundred dollars on his writ, and put it in a bag. Plaintiff then claimed the money so taken as his property, in the presence of McCormick, who made no objection.

Defendant moved for nonsuit, on the ground, among others, that the money was taken from a mass of six thousand dollars, which belonged, part to plaintiff, part to Wells, Fargo & Co. and part to McCormick, and that plaintiff was not the sole owner.

Motion denied. After evidence for defendant, a verdict was rendered for plaintiff for the amount claimed.

Defendant appeals.

*Sanderson & Newell,* for Appellant, argued : that the nonsuit should have been granted for the reasons assigned, and, 2d, that this action cannot be maintained for coin, unless it was in a bag, or separated from all other coin in such manner that the identical coin can be pointed out. (12 Wend. 50 ; *Adams* v. *Gorham,* 6 Cal. 68 ; 1 Chitty's Pl. 121, side page, 122 ; *Wells, Fargo & Co.* v. *Robinson,* 13 Cal. 133.)

*Frank Taylor,* and *Robinson, Beatty & Heacock,* also, for Appellant, to the question of severance of property between Wells, Fargo & Co. and plaintiff, by the claim of the latter, and the tacit admission of McCormick, cited : 5 Taunt. 176, 617, 622. There must be something more than mere intention to sever between tenants in common. There must be some act, and that act must take place while the tenants in common have control of the common property. After it has passed from their control they cannot sever.

Again, Griffith is estopped from saying the money was his, after having held out to the public the idea that it was the money of McCormick, by permitting him to do business in his own name. Sutton acted on these appearances and has incurred costs. (*Mitchell* v. *Reed,* 9 Cal. 204 ; *Hastler* v. *Hays,* 3 Id. 302.)

*John Hume,* for Respondent.

Replevin was the proper action under the facts, and, the identification of the money was a question of fact for the jury. That the money has been mixed with other money, or that the property in any case has been altered in form, does not defeat the action, but goes to the question of identity. (*Betts* v. *Lee,* 5 Johns. 348; *Clark* v. *Skinner,* 20 Id. 465.) This last case holds that if the goods of A are in possession of C, who is using them in A's business, they are considered in A's possession, and he may replevy against an officer seizing them as the property of C. If saw-logs be converted into lumber, the lumber may be replevied. (20 Maine, 287; see, also, 11 Serg. & R. 132.)

As to the question of non-joinder, if plaintiff owned five thousand six hundred dollars of the money in the safe, and Wells, Fargo & Co. four hundred dollars, under the testimony, the purse of money taken was the sole property of plaintiff. And, if otherwise, defendant cannot now take advantage of the non-joinder.

" The right of severance among tenants in common, by one tenant of his share, always existed at common law, as to all property in its nature severable." (*Tripp* v. *Riley,* 15 Barb. S. C. 333; 22 Id. 568; see, also, 7 Wend. 449; 4 Camp. 272.)

The fact that McCormick carried on the business in his own name, did not vest in him title to the money or the business. (*Hunt* v. *Hardy,* 11 Cal. 343.) Plaintiff might be liable, so far as the money and business are concerned, to third persons dealing with McCormick as apparent owner. But the debt of Sutton was contracted prior to the commencement of this business.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Action in the nature of replevin, to recover one thousand eight hundred dollars taken by defendant as Sheriff, under process, as the property of one McCormick. McCormick was a witness, and testified that this money was taken from a safe in his possession belonging to Wells, Fargo & Co. who had four hundred dollars in the safe, the balance being the money of plaintiff. McCormick was present at the levy by the officer, and was agent for Wells, Fargo & Co. and when the plaintiff made the claim for the money taken, interposed no objection. The ground taken by defend-

ant on appeal is, that there was no segregation of this money sued for from the mass in the safe, so as to enable the plaintiff to bring and maintain his suit. But we think the position, however plausible, is not sustained. As McCormick was the agent of Wells, Fargo & Co. to keep the money, he had authority to retain it in their safe, the proper place of its deposit, and when he recognized the claim of the plaintiff, before the one thousand eight hundred dollars was taken away, to the latter sum, it was as if he had elected for Wells, Fargo & Co. to hold the four hundred dollars as theirs. It was, in other words, as if a division and allotment had been made of the money in the safe, according to the respective rights of the owners.

At least, there was evidence enough to go to the jury as to this matter of severance, and the Court did not err in refusing a nonsuit.

Judgment affirmed.

On rehearing the same judgment was rendered.