P. C. PIERSON ET AL., PLAINTIFFS IN ERROR, V. MATTIE FUHRMANN, DEFENDANT IN ERROR.

1. COMPLAINT—STATEMENTS OF CAPTION.—An objection to a complaint against copartners, that the names of the defendants and the allegation of partnership do not appear in the body of the complaint, is not well taken where the same matters are fully stated in the caption.
2. DEMURRER FOR MISJOINDER.—Where nothing appears on the face of the complaint to indicate a misjoinder of defendants a demurrer does not lie for such cause.
3 ACTION TO RECOVER MONEY LOST AT FARO. — An action against the owners of a faro-bank may be maintained by a plaintiff for the recovery of money lost thereat by one who held the same in trust for the plaintiff.

*Error to County Court of Arapahoe County.*

Mr. EDWARD CAYPLESS, for plaintiff in error

Messrs. BOWER & BOLES, for defendant in error.

REED, J.   Defendant in error, (plaintiff below,) brought suit against the plaintiffs in error by filing the following complaint:

> MATTIE FUHRMANN, plaintiff,
>                    v.
> P. C. PIERSON and JOHN J. HUGHES, > *Complaint.*
> partners, doing business under the firm name
> and style of P. C. PIERSON & Co., defendants.

Plaintiff complains of the defendant, and for cause of action alleges:

I. That she and the defendants are citizens of said county and state.

II. That she does not seek to recover in this action a sum in excess of $2,000.

III. That the defendants, as this affiant is informed and believes, were on the sixteenth day of September last, and still are engaged in the city of Denver, said county and state, in the business of gambling and the running of a "bank" table or game commonly known as "faro."

IV. That on the —— day of September last, at Denver, Colorado, the plaintiff was possessed of, as her own separate property, one hundred and thirty-five dollars, ($135,) lawful money of the United States; that on said day she deposited the same with one Joseph Fuhrmann for safe keeping.

V. And plaintiff further alleges on information and belief that the said one hundred and thirty-five dollars, ($135,) her separate property, as aforesaid, so deposited with Joseph Fuhrmann was, between the sixteenth day of September last and the fourth day of October, instant, paid to the defendants by said Joseph Fuhrmann, without her knowledge, consent or approval, by reason and on account of the said

defendants engaging the said Joseph Fuhrmann in a game of chance commonly called faro.

That the said payment by the said Joseph Fuhrmann to the said defendants of the said sum was illegal and without consideration, and wholly unauthorized by this plaintiff, wherein and whereby the defendants received the said $135 to the use of the plaintiff.

VI. That on the eighth day of October, instant, and prior to the commencement of this action, this plaintiff demanded payment of said sum of $135 from the defendants.

VII. That said defendants have not paid any part of said sum, though requested so to do.

Wherefore, plaintiff prays judgment against the said defendants for $135.00, with interest at ten per cent per annum since October 3, 1890, and for cost of suit.

To which the defendants filed a demurrer, the grounds being:

" First. That said complaint does not state facts sufficient to constitute a cause of action against the defendants, or either of them.

" Second. That there is a misjoiner of parties defendant.

" Third. That the complaint is ambiguous, unintelligible and uncertain, in this that it fails to show when and where, if at all, said money was paid to defendants, or either of them.

" Fourth. That the relief sought is unlawful. Wherefore defendants prayed judgment for their costs in this case," which was overruled by the court. Defendants elected to stand by the demurrer, and declined to answer over, whereupon, judgment was given for the plaintiff for the amount claimed with interest at eight per cent upon the same after date of the rendition of the judgment.

The only questions to be determined are as to the sufficiency of the complaint to warrant the judgment.

It is contended that the names of the defendants and the allegation of partnership should have been stated in the body

of the complaint. They are fully stated in the caption and a repetition is not required. Bliss on Code Plead's, § 145.

It is claimed that there is a misjoinder of parties defendant. A demurrer can only go to matters apparent upon the face of the pleading. Nothing appears there to indicate a misjoinder.

It is stated in argument that Hughes was not a partner—that a man by the name of Murray was. Such fact might be made available by pleading it, but cannot prevail upon demurrer.

The action is to recover money received by the defendants to the use of the plaintiff, and the action will lie where defendant has received money either from the plaintiff or a third person under such circumstances that in equity and good conscience he ought not to retain the same, and which *ex aequo et bono* belongs to the plaintiff. This was the rule at common law and has been asserted in the courts of almost every state in the union.

In *Jacobs v. Pollard*, 10 Cush. (Mass.) 287, it is said: " In all cases where money is held by a person, whether it came into his hands rightfully or wrongfully, that in fact belongs to another, the true owner may maintain an action against him for its recovery." See *Mason v. Waite*, 17 Mass. 558.

In 4 Wait's Act's & Def's, 508, the law is stated to be, that, " whenever a person has money in his hands that belongs to another, no matter how he came into the possession of it, and upon which he has no legal or equitable claim, as against the true owner, and which he has no right to hold against him, it may be recovered by the true owner in this form of action." See also *Alderson v. Ennor*, 45 Ill. 129; *Gilman v. Cunningham*, 42 Me. 98; *Norway v. Clear Lake*, 11 Iowa 506; *Robbins v. Ins. Co.*, 12 Mo. 380; *Buel v. Boughton*, 2 Denio (N. Y.) 91.

The complaint is inartificially drawn, but tested by these well settled rules it contains, in substance, every material allegation necessary to constitute a cause of action by the plaintiff against the defendants.

The individual money of plaintiff is alleged to have been placed for safe keeping in the hands of Joseph Fuhrmann. He was only a custodian without a right to use it. "Without her knowledge, consent or approval," he lost it in gambling, to the defendants, who refused to return it upon demand. She was not *in pari delicto*.

The judgment of the county court is affirmed.

*Affirmed.*