[Civil No. 963.   Filed March 22, 1907.]

[89 Pac. 508.]

## C. RAMIREZ, Plaintiff in Error, v. FRANK M. MAIN, Defendant in Error.

1. GAMBLING—RECOVERY—MONEY LOST—REMEDIES.—Owner of property which has been lost at a gambling game by his servant or agent without his consent can follow such property into the hands of the winner and recover it.

2. TROVER AND CONVERSION—ACTION—PLEADING—COMPLAINT—DEMUR-.RER.—A complaint in an action to recover 5,950 Mexican dollars, or their value in American money—$2,558.50—lost .in gambling by an agent without consent of the owner, is not fatally defective, for that there is not sufficient description of the property lost, for the reason that there is no such thing as "a dollar" in the money of the Republic of Mexico, because the court will not take judicial notice of the monetary system of any foreign country, and further, because the Mexican "dollar," as such, has been definitely recognized by section 3567 of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 2376), providing that the "Mexican dollar" should be receivable at the Treasury, postoffices and land offices of the United States at a certain valuation.

3. SAME—SAME—SAME—SAME—SAME.—A complaint to recover the value of Mexican money lost by the plaintiff's servant without his consent, which alleges a demand for the return of the property and also alleges the value of the property at the time it was lost and at the time when the demand was made therefor, is not subject to general demurrer, since the plaintiff is entitled under such pleading to recover within the limits of the prayer its value at the time of the conversion, whichever date that may have been.

ERROR from the District Court of the Second Judicial District in and for the County of Santa Cruz.   Geo. R. Davis, Judge.  Reversed and remanded.

The necessary facts are stated in the opinion.

Frank J. Duffy, W. F. Cooper and Eb. Williams, for Plaintiff in Error.

Selim M. Franklin, for Defendant in Error.

SLOAN, J.—In the district court of Santa Cruz county, the plaintiff in error brought suit against the defendant in

error upon his complaint, which, omitting the formal parts, reads as follows: "That on the twentieth day of July, 1903, at the said county of Santa Cruz, one Jesus Mendoza, being then and there the servant of, and in the employ of, this plaintiff, had in his possession, and intrusted to him by this said plaintiff and as such servant and agent, a certain sum of money, to wit: The sum of six thousand dollars ($6,000) in money of the Republic of Mexico, the same being the property of this plaintiff, and being intrusted to the said Jesus Mendoza as aforesaid, for the specific purpose of safely carrying and conveying the same from the bank of Sonora to the office or place of business of this plaintiff, there to be delivered to this plaintiff for his use and benefit; that the said Jesus Mendoza, without the knowledge or consent of plaintiff, and in violation of his trust as such servant and employee, did, at the date, and in the county aforesaid, engage in a gambling game with one Frank M. Main, the defendant herein, and therein did lose and pass to the possession of the said Frank M. Main, the sum of five thousand nine hundred and fifty dollars ($5,950), money of the Republic of Mexico, as aforesaid, the same being of the money of the said C. Ramirez, the plaintiff herein, intrusted to him, the said Jesus Mendoza, as aforesaid; that the said Frank M. Main has and holds the said sum of five thousand nine hundred and fifty dollars ($5,950), money of the Republic of Mexico, as aforesaid, the property of this plaintiff, without consideration, and without legal or equitable title; that the said defendant is indebted to this plaintiff in the said sum of five thousand nine hundred and fifty dollars ($5,950), money of the Republic of Mexico, as aforesaid, all and every part of which is due from said defendant to this plaintiff; that on the said twentieth day of July, 1903, one dollar of the money of the Republic of Mexico was of the value of forty-three cents of the money of the United States of America, and that the said sum of five thousand nine hundred and fifty dollars ($5,950) of money of the Republic of Mexico, was, on said twentieth day of July, 1903, of the value of two thousand five hundred and fifty-eight dollars and fifty cents, in lawful money of the United States of America; that plaintiff has demanded the said sum of money so due, but that defendant has not paid the same nor any part thereof." The prayer of the complaint is for the recovery of $5,950, money of the Republic of Mexico, or its value,

at the date of its loss, in lawful money of the United States, alleged to have been the said sum of $2,558.50. The trial court sustained a general demurrer to the complaint filed by the defendant in error, upon the ground that no cause of action was stated therein. The correctness of this ruling presents the sole question for our decision.

The complaint is inartificially drawn in some respects, but we think it is not obnoxious to a general demurrer. In substance, it states that Mendoza, as the servant of the plaintiff in error, was intrusted with property belonging to plaintiff in error described as $6,000 in money of the Republic of Mexico, and that this property was, without the knowledge or consent of the plaintiff in error, lost by Mendoza in a gambling game with the defendant in error; that at the time it was lost the said property possessed a value in lawful money of the United States of $2,558.50, and that the plaintiff in error demanded of the defendant in error said latter sum, which was not paid. It is well settled that at common law the owner of property which has been lost at a gambling game by his servant or agent, without his consent, can follow such property into the hands of the winner and recover it. *Jacobs* v. *Pollard,* 10 Cush. 287, 57 Am. Dec. 105; *Mason* v. *Waite,* 17 Mass. 560; *Pierson* v. *Fuhrmann,* 1 Colo. App. 187, 27 Pac. 1015. This may be done notwithstanding the property be lost at a licensed game. *Scott* v. *Courtney,* 7 Nev. 419.

It is argued by counsel for defendant in error that the complaint is fatally defective in that there is no sufficient description of the property lost for the reason that there is no such thing as a "dollar" in money of the Republic of Mexico. We do not take judicial knowledge of the monetary system of the Republic of Mexico or of other foreign countries. We cannot, therefore, as a matter of law, say that the "peso" is the money unit of Mexico, and that the "dollar" is unknown to its laws. In addition to this we may add that the Mexican "dollar" as such has been definitely recognized and its status for certain purposes fixed by act of Congress. Section 3567 of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 2376), provided, among other things, that "the Mexican dollar" should be receivable at the Treasury of the United States and at the postoffices and land offices of the United States at a certain valuation. Even if we took judicial knowledge of the coinage of Mexico

we would scarcely be warranted, in the face of this recognition by our own government, that there is such a thing as a "dollar" in the money of the Republic of Mexico, in holding otherwise as a matter of law. The defendant in error points out that there is no proper or sufficient allegation of damage; that, treating the complaint, in effect, as an action for conversion, the true measure of damage, under the allegations, is the value of the property at the time demand was made upon the defendant in error, and not its value at the time it was gambled away by Mendoza. It is a rule of general application that where the possession of a defendant was at first lawful and the conversion consists solely in a wrongful detention, a demand is essential. But where the possession was obtained by fraud, or was otherwise wrongful, no demand is necessary. Whether in this case demand was necessary is immaterial to the decision of the correctness of the trial court's ruling, inasmuch as a demand is alleged in the complaint; nor is it necessary to pass upon the question whether the value of the property at the time it passed into the hands of the defendant in error or its value at the time of the demand is the measure of damage. It is alleged that the property possessed a value when gambled away by Mendoza. Presumptively it retained some value at the time of the demand, and therefore, on the face of the complaint, the plaintiff in error is entitled to recover within the limits of his prayer whatever value it may have possessed at the time of the conversion, whether that be at the time it passed into the hands of the defendant in error, or at the time when demand was made and refused.

The objections which are now urged to the complaint by the defendant in error are such as might have been raised by special demurrer and do not, even if well taken, affect the sufficiency of the complaint upon general demurrer. The court below evidently did not consider the objections now raised, but sustained the demurrer upon the ground that under our statutes the owner of property lost at a gambling game may not recover from the winner. The distinction between the case of one whose property is gambled away by another without his consent, and the case of one who gambles away his own property, was evidently not called to the attention of the trial court. We think the complaint stated a cause of action, and that the demurrer should have been overruled.

The judgment is reversed, and the cause remanded to the district court for further proceedings in harmony with this decision.

KENT, C. J., and DOAN, J., concur. CAMPBELL and NAVE, JJ., having been of counsel in the court below, took no part in the decision.