CORA WILLIAMS, EX'X

*vs.*

MAYNARD S. WILLIAMS.

Knox.   Opinion May 14, 1914.

*Exceptions.   Forgery.   Identical Money.   Motion.   Payment.   Receipts.
Tenants in Common.   Trover.*

1.  Money may be the subject of an action of trover, and in the declaration it is
    not necessary to set out the money verbatim, a description of it in general terms
    being sufficient.
2.  All that is required is that the property should be described with as much
    reasonable certainty as the nature of the case will permit, so that it may be
    known what property is meant, and that the defendant may be protected
    against another suit for the same cause of action.
3.  An expert witness was asked by the plaintiff, "What do you see under the
    microscope as indicating the age of ink?" and the question was admitted.
    Objection was made to the question, but the Court admitted the answer.
4.  Various processes and instruments aiding the senses have from time to time
    been employed and sanctioned as proper to be used in the acquisition of testi-
    monial knowledge, and among them the microscope.
5.  Through the question admitted, the witness was permitted to give to the
    jury information that he acquired by the aid of the microscope indicating the
    age of ink.   It was not reversible error to permit him to do so.

On motion and exceptions by defendant.   Motion and exceptions
overruled.

This is an action of trover to recover the sum of $18,750 and
interest.   In March, 1900, the defendant received from the Rockland,
Rockport Lime Company $56,250, which belonged in equal shares
to him, his brother Warren G. Williams, the testator, and to his
sister Mary F. Frohock.   This money was the consideration for a
lime quarry owned by them in common and sold to said Rockland,
Rockport Lime Company.   Plea, the general issue, with brief state-
ment of Statute of Limitations.   The jury returned a verdict for the
plaintiff of $18,750, with interest.   The defendant objected to the

admissibility of certain testimony of the experts, which objections were overruled, and the defendant excepted thereto. The defendant filed a general motion for a new trial.

The case is stated in the opinion.

*A. S. Littlefield,* for plaintiff.

*L. M. Staples,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, JJ.

KING, J. Action of trover to recover the sum of $18,750 with interest. In March, 1900, the defendant received from the Rockland, Rockport Lime Company $56,250, which belonged in equal shares to him, his brother Warren G. Williams the testator, and his sister Mary F. Frohock, it being the consideration for a certain lime quarry which they owned as tenants in common and sold and conveyed to said Company. The defendant was the active agent in making the sale, and with the full consent of his brother and sister deposited the entire sum in his own name with Kidder, Peabody & Co. of Boston on March 19, 1900.

Warren G. Williams died testate in 1910, and this action is brought by his widow, the executrix, to recover one-third of said fund with interest, she claiming that the defendant never paid it to her husband. The defense is payment to the testator in full, in support of which the defendant presents two receipts purporting to be signed by Warren G. Williams, each for $9375, dated respectively September 10, 1901 and April 18, 1903. The plaintiff replies that both receipts are forgeries.

The case has been tried three times. The first trial resulted in a verdict for the defendant which upon motion this court set aside. The second trial resulted in a disagreement of the jury. At the last trial the jury returned a verdict of $24,046.88 for the plaintiff, and the case is now before this court on motion and exceptions by the defendant.

THE MOTION. When the case was before this court on the plaintiff's motion to set aside a verdict in the defendant's favor, after a review of the evidence, the court said: "Without going into further detail it is sufficient to say that it is our opinion, from the testimony, the exhibits, the circumstances and the probabilities that the verdict in this case was so clearly wrong as to indicate bias or prejudice

on the part of the jury, or a failure to appreciate the facts, and for that reason it cannot be allowed to stand." *Williams* v. *Williams*, 109 Maine, 537, 544.

The only issue in the case in the last as in the first trial was whether the signatures to the two receipts of $9375 each, relied upon by the defendant in support of his claim of payment, were forgeries. We have examined with painstaking care all the evidence presented at the last trial, and have compared it, so far as we now have the means to do, with the evidence produced at the first trial, and we do not perceive any material change in it. In no material degree was there any new or additional evidence introduced at the last trial in support of the defendant's contention that the receipts were genuine. On the other hand the evidence at the last trial tending to show that the receipts were forgeries — the testimony of the experts, the receipts themselves, all the exhibits, the situation of the brothers, and the way and manner in which it is claimed the payments were made—was no less, and no less convincing; than that at the first trial.

After a full and careful examination and consideration of all the evidence in this case the court is of the opinion that the verdict rendered is not against the weight of the evidence but in accordance therewith.

The defendant has argued, under his motion, that this action of trover is not maintainable, because the identical money which came into the defendant's hands from the sale of the quarry in 1900 is not specified. The identical money could not be specified in this case. The defendant deposited the money received in his own name on interest with the authority of the testator. It could not thereafter be identified. Money may be the subject of an action of trover, and in the declaration for the alleged conversion of money it is not necessary to set out the money verbatim, a description of it in general terms being sufficient. All that is required we think is that the property should be described with as much reasonable certainty as the nature of the case will permit so that it may be known what property is meant, and that the defendant may be protected against another suit for the same cause of action.

That, we think, was done in this case. The declaration contains such a specification of the property as the plaintiff was able to make, and it is sufficiently definite to show what property is meant, and to render the judgment in this action a bar to any other action against the defendant for the same cause.

THE EXCEPTIONS.  1.  The request for a non-suit on the ground of the statute of limitations was rightly refused.  The action is trover, to recover the value of property that came into the defendant's control rightfully as the agent of the testator.  The cause of action did not accrue until there was a conversion of the property by the defendant.  The evidence of conversion relied upon was a demand and refusal, and it was admitted that on March 17, 1910, the plaintiff as executrix under the will of the testator made demand upon the defendant for the property which was refused.  There was no evidence of any previous conversion, and, accordingly, the cause of action accrued March 17, 1910, six weeks only before the action was commenced.

2.  Albert H. Hamilton, called by the plaintiff as an expert, was asked "What do you see under the microscope as indicating the age of ink?" and the question was admitted against the objection "that microscopes should not be used, because no two sets of eyes will see it under the microscope the same way."  We think the question was admissible.  The precise reason stated against it might be answered by the suggestion that it is probably true that no two sets of eyes will see the same thing in the same way even when unaided by any particular instrument; but the objection no doubt was intended to raise the point that a witness should be permitted to give to the jury only such information as he has acquired through his own unaided senses, without the use of artificial processes, or instruments.  But the rule is not so limited.  The source of a witness' testimonial knowledge is not so circumscribed.  Various processes and instruments aiding the senses have from time to time been employed and sanctioned as proper to be used in the acquisition of testimonial knowledge and among them the microscope.  Wigmore on Evidence, Vol. 1, Sec. 795.

Through the question admitted the witness was permitted to give to the jury information that he acquired by the aid of the microscope indicating the age of the ink.  It was not reversible error to permit him to do so.

3.  The third exception raises precisely the same question as that involved in the second, and for the reasons above stated, it is not sustainable.

It is therefore the conclusion of the court that the entry should be,

*Motion and exceptions overruled.*