[Civ. No. 1870. First Appellate District.—February 9, 1917.]

## CURTIS HILLYER, Respondent, v. FREDERICK EGGERS, Sheriff, etc., Appellant.

CLAIM AND DELIVERY—DESCRIPTION OF PROPERTY—RULE AS TO MONEY.— In an action in claim and delivery it is essential that the specific personal property claimed should be described with a reasonable degree of certainty, and, as a rule, money is not the subject of such an action, unless it be marked or designated in some manner so as to make it specific as regards its capability of identification.

ID.—MONEY TAKEN UNDER EXECUTION—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action in claim and delivery to recover of a sheriff a sum of money claimed to have been unlawfully taken under execution, where the complaint, irrespective of what the plaintiff has styled it, is sufficient to show him to be entitled to recover from the defendant, upon the theory that he has, as required by the code, stated the facts constituting his cause of action, or facts showing a cause of action for money had and received, a judgment in favor of the plaintiff must be sustained, although the complaint does not describe the money sufficiently to entitle plaintiff to its return in specie.

ID.—PLEADING—ACTION UNDER CODE.—Under the code there is but one form of action, which has no name, and it cannot be defeated, as it could have been at common law, because not properly named.

ID.—CODE PROVISIONS—AUXILIARY REMEDY.—Sections 509 to 620 of the Code of Civil Procedure merely provide an auxiliary remedy by which, when a party brings an action to recover personal property, he may "claim" that the property be immediately delivered to him at the commencement of the action without waiting the trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge.

The facts are stated in the opinion of the court.

Wm. Tomsky, and J. L. Nagle, for Appellant.

Curtis Hillyer, and Thomas W. Forsyth, for Respondent.

KERRIGAN, J.—This is an appeal by the defendant from an adverse judgment in an action for the recovery of $730, claimed to have been unlawfully taken under execution.

In the early part of the year 1914 the Sequoia Motor Car Company gave in payment for legal services rendered to it its promissory note for three hundred dollars to its attorney, O. C. Pratt. Prior to its maturity the payee, for a valuable consideration, transferred it to the plaintiff. At its maturity it was unpaid. Subsequently H. J. Small became a judgment creditor of the company in the sum of three thousand dollars. It also appears from the record that Mrs. H. A. Gillis was indebted to the company in the sum of one thousand dollars upon a stock subscription, the indebtedness being evidenced by her promissory note, given, however, with the understanding that the note was not to be negotiated. Contrary to this agreement it was negotiated; and Mr. Henley C. Booth, attorney for both H. J. Small and Mrs. H. A. Gillis, wishing to find out who had possession of the note, communicated with plaintiff by telephone, telling him that he represented Mrs. Gillis, and asking him if he knew where the note was. Plaintiff replied that he did not, but would try to find out and let Mr. Booth know. Later, having ascertained that the note was held by a Mr. W. W. Allen, plaintiff communicated with Booth, and negotiation ensued resulting in Booth agreeing to pay plaintiff the sum of $730 for it. The latter then purchased the note from Allen, paying him therefor the sum of $550, hoping apparently through the completion of the transaction with Booth to recoup in part the loss he had sustained by his purchase of the note given by the company to Pratt, the company being now insolvent.

About this time, according to the argument of the respondent, Booth appears to have conceived the idea of acquiring for Mrs. Gillis her note, and that the price to be paid for it should go to his other client, Small. Accordingly, he agreed with the plaintiff that the payment of the $730 for the note should be made in his, Booth's, office at a certain time—harboring the intention, however, that at the moment of receiving the note from the plaintiff and tendering payment thereof the money should be seized in execution of Small's judgment. This plan was carried out, so that when the plaintiff's agent handed the note to Booth, the latter placed $730 in currency on the desk in front of him, and before the messenger of the plaintiff could pick it up, a deputy of the defendant, who was waiting in the room

for that purpose, seized the currency and levied upon it pursuant to an execution issued in favor of Small upon a judgment obtained by him against the Sequoia Motor Car Company. Plaintiff immediately demanded of the defendant the return of the money, and filed with him a claim for the same. Defendant refused to comply with his demand, whereupon plaintiff brought this action for its recovery.

The record further shows, that the plaintiff, prior to its maturity and without notice of the collateral agreement of the company not to transfer it, paid a valuable consideration for the note; that no fraud was either charged or proven against the plaintiff, and that no fiduciary relation existed between him and any of the parties to the transaction, and that title to the note was vested in him.

Passing now to the only objection seriously urged by the appellant for a reversal of the judgment, it is that the plaintiff has apparently proceeded upon the theory that his remedy was an action in claim and delivery. In such an action it is essential that the specific personal property claimed should be described with a reasonable degree of certainty; and, as a rule, money is not the subject of such an action unless it be marked or designated in some manner so as to make it specific as regards its capability of identification (*Eddings* v. *Boner*, 1 Ind. Ter. 173, [38 S. W. 1110]; *Griffith* v. *Bogardus*, 14 Cal. 410, 413; *Sharon* v. *Nunan*, 63 Cal. 234, 235; *Hawley* v. *Kocher*, 123 Cal. 77, [55 Pac. 696]). The description of the money in this case is not sufficient to entitle the plaintiff to its return in specie. The complaint, however, irrespective of what the plaintiff has styled it, is sufficient to show him to be entitled to recover from the defendant the amount of money taken from him wrongfully under execution, upon the theory that he has, as required by the code, stated the facts constituting his cause of action, or facts showing a cause of action, for money had and received. Under the circumstances of this case the judgment of the trial court must be sustained notwithstanding the contention of the appellant, as is apparent from a decision of our own supreme court in *Faulkner* v. *First Nat. Bank*, 130 Cal. 258, [62 Pac. 463], where it is said: "Courts and law writers have sometimes inadvertently spoken of the code 'action of claim and delivery' as if there were really here a form of action called by that name—just

as there were forms of action at common law such as 'debt,' 'covenant,' 'replevin,' 'trover,' etc. But we have here no forms of civil actions. We have only one form of action, which has no name; so that an action cannot be here defeated, as it could have been at common law, because not properly named. Sections 509 to 620 of the Code of Civil Procedure are preceded by the heading, 'Claim and Delivery of Personal Property,' but the sections themselves show the meaning of this heading. They merely provide an auxiliary remedy by which, when a party brings an action to recover personal property, he may 'claim' that the property be immediately delivered to him at the commencement of the action and without waiting the trial. . . . These sections merely give to a plaintiff suing to recover personal property an auxiliary remedy very similar to the auxiliary remedy of 'attachment' given to a plaintiff suing upon a contract for the direct payment of money, and to the auxiliary remedy under the head of 'arrest and bail' and 'injunction during litigation.' But it is no more proper to speak of an action of 'claim and delivery' than to speak of an action 'of attachment.' "

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.