**HENRY O. SMITH and HOWARD GRAY, Plaintiffs**

v.

**LAURA MOORHEAD, Defendant**

No. 224-1964

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 28, 1964

GEORGE H. T. DUDLEY, St. Thomas, Virgin Islands, *for plaintiff*

JAMES A. RICHARDS, Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant*

MICHAEL, *Municipal Judge*

20

This is a replevin suit, in which the court had already found in a previous hearing that defendant seized and held certain items of property sought to be replevied by plaintiffs, except the item of $500, which should be returned to plaintiffs. The court also indicated the amounts in cash due defendant under her counterclaim.

The plaintiffs were represented by Dudley, Hoffman & Grunert, George H. T. Dudley, Esquire, of counsel, and the defendant was represented by James A. Richards, Jr., Esquire.

The matter was adjourned in order to give the parties an opportunity to submit memoranda of law with respect to the kind of business operated by the defendant, under which plaintiffs claim defendant would be liable to plaintiffs for the item of $500 alleged to have been among the things seized by defendant.

Counsel for the plaintiffs filed a memorandum, but counsel for defendant informed the court that he did not intend to file any.

Today, after hearing additional testimony and argument of counsel for both sides, the court finds it necessary to modify its previous findings, by directing defendants to have repaired the record player which was one of the items seized by defendant, and to return it to plaintiff Gray in good condition.

In his memorandum counsel for plaintiffs asserts that the defendant operated a guest house, and cites as authority therefor 27 V.I.C. §§ 301(a) and 303(IV-3). He also calls to the court's attention the amendment of March 25, 1964, which provides for the licensing of apartment houses —27 V.I.C. § 303 (II-23). Counsel argues that since plaintiffs were occupying the premises of defendant when this amendment came into effect, the "guest house rule would apply"; also, that under common law rule, in absence of

local statute, the operator of a guest house or an innkeeper is absolutely liable for the loss of his guests through theft or negligence of himself or employees.

It is also the contention of counsel that if the defendant be found not to be an innkeeper in the strict sense, then she would be liable to plaintiff as a proprietor of a lodging house for gross negligence, in addition to her capricious removal and refusal to deliver plaintiff's property, resulting in the loss of $500 which plaintiffs claim was among the property removed by defendant.

The court finds from the evidence that the defendant neither operates a lodging house under common law nor a guest house under the definition of the local statute, but an apartment house or apartment houses.

The subsequent amendment providing for licensing of apartment houses, being but a revenue-raising measure, does not ipso facto change apartment houses in this jurisdiction to hotels or guest houses, so that a different relationship would exist between the parties by reason of said amendment.

As indicated by counsel for plaintiffs in his memorandum, hotels and guest houses are listed under 27 V.I.C. § 303(IV), while apartment houses are listed under 27 V.I.C. § 303(II). The court finds that the definition of "hotels and guest houses" found at the end of 27 V.I.C. § 303, covers only hotel and guest houses under sec. 303(IV), but not apartment houses under sec. 303(II).

As the court sees it, plaintiffs were tenants of defendant and not guests or lodgers. They had exclusive right to the premises they rented. In their complaint plaintiffs admit they were tenants, in the following manner: (1) that "plaintiff Henry Smith became a tenant of defendant in an apartment . . . for an agreed rental of $92.50 per month, payable semi-monthly in the sum of $46.25," (2)

that "plaintiff Howard Gray became a tenant of defendant Laura Moorhead in above apartment . . . at an agreed rental of $80.00 per month, payable in semi-monthly installments of $40.00."

By action of the parties, both in negotiating for the rental of the premises and during the occupancy by plaintiffs, as shown by the evidence, there is no doubt that the parties intended a landlord and tenant relationship. Defendant testified, which testimony was not denied, that she offered plaintiffs a lease of the apartment, but they stated they preferred a month-to-month tenancy.

As the court said in the case of Mathews, et al. v. Livingston, et ux., 85 A. 529, "There is a substantial distinction between a tenant and a lodger, since a tenant may maintain ejectment and trespass, while the lodger may not."

Moreover, if the plaintiffs were guests or lodgers, as defined by statute, defendant would have had the right to assert a lien upon the property of plaintiffs for damage to her property, which plaintiffs imply in their complaint she had not, and with which the court agrees.

As a consequence, plaintiffs may not recover the $500 claimed under any of the above rules urged upon the court for the plaintiffs.

But there is an additional rule which the court has to consider with further reference to the $500 sought to be replevied. The general rule is that money is not the subject of an action of replevin, unless it is so marked or labeled as to be capable of identification, 77 C.J.S. § 12, p. 19. The money in the case at bar was neither marked nor labeled.

Replevin will not lie for the recovery of money unless it is specifically described. See Dowdy v. Calvi, 125 Pac. 873, 876; Kramlich v. Tullock, 277 Pac. 411; Sager v. Blain, 44 N.Y. 445; Graves v. Dudley, 20 N.Y. 76; Hillyer v. Eggers, 164 Pac. 27.

23

See also 46 Am. Jur. § 18, p. 13, where it is stated that ". . . the rule is well settled that replevin will not lie for money incapable of specific identification," and "a complaint which contains no allegation showing that the defendant had in his possession any specific money capable of identification, but which shows only that he had collected for the plaintiff a draft deposited by the plaintiff in the usual course of business, is not sufficient."

While the above example cited is not analogous to this case, it does emphasize the rule that there must be some allegation in the complaint specifically identifying the money, not money generally. In the case at bar the only allegation made in the complaint is that defendant ". . . seized and presently holds . . . cash in the sum of $500."

Replevin is defined in Wardman-Justic Motors v. Petrie, 39 F.2d 512, as "a speedy statutory remedy to recover possession of property wrongfully taken and detained, together with damages incident merely to the detention. It is not a substitute or a bar to an action in tort for consequential damages arising from malicious acts attendant upon the wrongful seizure and dispossession of property."

Defendant admits that she removed and detained certain personal property belonging to plaintiff Gray as security for damages to her property. The court finds this removal and detention to be illegal. Defendant denies, however, seeing or removing any money, as claimed by the plaintiffs, when she removed the things. This was corroborated by a witness, defendant's maid, who was present and assisted in the removal. It is doubtful defendant would remove and seize money belonging to plaintiffs in the presence of her maid and thereafter denies doing so.

In addition, by plaintiff Gray's admission on the witness stand today that on the same day, April 6, 1964, when he withdrew the $500 from his savings account with the Chase

24

Manhattan Bank (Pl's Ex. #III), which he claims was removed and held by defendant, he bought travelers' checks in the said amount of $500 from the bank (but that the travelers' checks were bought with other monies he had in his possession), the court is of the belief that at the time the property was removed by defendant there was no money as claimed by plaintiff Gray.

The court having found that the defendant neither operated a guest house, as defined by statute, which could have made her liable to the plaintiffs for loss under conditions enumerated in the statute, nor were the plaintiffs boarders of defendant, and the money allegedly seized by the defendant not having been specifically described as is required in a replevin action, nor does the court believe any money was removed, plaintiffs' claim for return of "cash in the sum of $500" will be denied.

A judgment for recovery of possession of the other property claimed by the plaintiffs and the amount due defendant under her counterclaim as found by the court and as heretofore indicated, will accordingly be entered, with costs and an attorney's fee of $75 in favor of plaintiffs.