# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SCOTT A. NORRICK**
Anderson, Indiana

ATTORNEY FOR APPELLEE:

**DAVID L. COPENHAVER**
**JOEL E. HARVEY**
New Castle, Indiana

**FILED**
Jun 24 2014, 9:00 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ROY BAYER TRUST and PENNY HARRIS, ) | |
| ) | |
| Appellants-Defendants, ) | |
| ) | |
| vs. ) | No. 18A02-1307-PL-581 |
| ) | |
| RED HUSKY, LLC, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable John M. Feick, Judge
Cause No. 18C04-1111-PL-42

**June 24, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Appellant Penny Harris, trustee for the Roy Bayer Trust, appeals the trial court's entry of summary judgment and corresponding order for damages in favor of appellee / cross-appellant Red Husky, LLC. Each party presents one issue for our review. Harris asks whether it was error for the trial court to grant Red Husky's motion for summary judgment. Red Husky asks whether the trial court abused its discretion in determining the amount of damages awarded. We conclude the trial court did not err by awarding summary judgment in favor of Red Husky. Further, we conclude the trial court's award of damages based on deterioration of property value is supported by the evidence; however, we remand for a determination of whether Red Husky is entitled to additional damages for loss of use. We affirm in part and remand.

## Facts and Procedural History

Red Husky is an Indiana company whose business includes the leasing of semi-tractors. In August 2008, Red Husky leased a 1998 Kenworth semi-tractor (the "Kenworth") to Daniel Bowne and Bowne Transport, LLC.

In August 2010, Bowne began leasing a building in Muncie owned by the Roy Bayer Trust on a month-to-month basis. At some point, Bowne stopped paying his monthly rent on the building, and Bowne also defaulted on his lease for the Kenworth. Bowne abandoned the building, leaving the Kenworth and various other items of personal property. In September 2011, Red Husky attempted to retrieve the Kenworth from the building, but Harris refused Red Husky's requests, believing the trust had a lien against the Kenworth and other property

inside the building.

In November 2011, Red Husky filed its complaint against Harris and Bowne seeking replevin of the Kenworth and damages. The Roy Bayer Trust was joined as a necessary party in June 2012. On June 5, 2012, the trial court entered a default judgment against Bowne on Red Husky's claims of replevin and breach of lease agreement. On the same day, Red Husky moved for summary judgment against Harris and the Roy Bayer Trust. Each party designated evidence and filed supporting memoranda. A hearing was held on August 3, 2012. On August 29, 2012, the trial court entered summary judgment in favor of Red Husky, concluding Harris did not have a valid lien against the Kenworth and ordered it to be released to Red Husky. Red Husky took possession of the Kenworth shortly after the grant of summary judgment.

On June 6, 2013, the trial court held a hearing on damages. On June 7, 2013, the trial court entered an order concluding Red Husky was entitled to damages in the amount of $10,000 due to deterioration that occurred during the time Harris refused to release the Kenworth. This appeal followed.

Discussion and Decision

I. Summary Judgment

A. Standard of Review

When reviewing a trial court's entry of summary judgment, we apply the same standard as the trial court. Manley v. Sherer, 992 N.E.2d 670, 673 (Ind. 2013). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party

3

is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Our review is limited to those facts designated to the trial court. Meredith v. Pence, 984 N.E.2d 1213, 1218 (Ind. 2013). The appellant has the burden of demonstrating that summary judgment was erroneous. Amaya v. Brater, 981 N.E.2d 1235, 1239 (Ind. Ct. App. 2013), trans. denied. We may affirm a grant of summary judgment on any basis supported by the record. Countrywide Home Loans, Inc. v. Holland, 993 N.E.2d 184, 189 (Ind. Ct. App. 2013).

### B. Ownership of the Kenworth and Summary Judgment

Harris argues on appeal that summary judgment was inappropriate because an issue of fact exists regarding Red Husky's ownership of the Kenworth. Specifically, Harris maintains that Red Husky failed to prove it owned the Kenworth because it did not include a certificate of title in its evidence designated before the trial court. Harris is correct that Red Husky neglected to provide the trial court with a certificate of title to the Kenworth. Nevertheless, we conclude the evidence designated by Red Husky was sufficient to establish its ownership of the Kenworth, and thus the trial court did not err by awarding summary judgment to Red Husky.

As Red Husky points out, a "[c]ertificate of title is not of itself proof of ownership or legal title to [a] vehicle [, and] [a] person may have legal title in a vehicle even though he does not possess a certificate of title." Pekin Ins. Co. v. Charlie Rowe Chevrolet, Inc., 556 N.E.2d 1367, 1370 (Ind. Ct. App. 1990). "Rather, certificates of title of automobiles are indicia of ownership and control." Brackin v. Brackin, 894 N.E.2d 206, 212 (Ind. Ct. App. 2008).

Red Husky designated the following evidence relevant to establishing ownership of the Kenworth: (1) sworn statements made in Red Husky's complaint and answers to interrogatories claiming ownership of the Kenworth; (2) a Lease to Purchase Agreement between Red Husky and Bowne in which Red Husky was the lessor; (3) a State Form 12787 filed with the Bureau of Motor Vehicles indicating Red Husky was lessor of the Kenworth; (4) Red Husky's application for certificate of title to the Bureau of Motor Vehicles; and (5) an Indiana Registration Cab Card naming Red Husky as the owner of the Kenworth. We believe Red Husky's designated evidence is sufficient to create a prima facie showing that it is the owner of the Kenworth, and Harris points to no piece of designated evidence creating a genuine issue as to ownership of the Kenworth. Therefore, it was not error for the trial court to grant Red Husky's motion for summary judgment.

## II. Damages

### A. Standard of Review

Red Husky contends the trial court's damages award is erroneous, because the award did not account for loss of use of the Kenworth. When reviewing an award of compensatory damages, we review for an abuse of discretion. Romine v. Gagle, 782 N.E.2d 369, 382 (Ind. Ct. App. 2003), trans. denied.

> To support an award of compensatory damages, facts must exist and be shown by the evidence which afford a legal basis for measuring the plaintiff's loss. To that end the damages must be referenced to some fairly definitive standard, such as market value, established experience, or direct inference from known circumstances.

Id. at 382-83.

B. Deterioration and Loss of Use

"In an action to recover the possession of personal property, judgment for the plaintiff may be for . . . damages for the detention of the property." Ind. Code § 32-35-2-33(2). "In replevin actions, the usual measure of damages would be the value of the loss of use, measured by the fair rental value, if possible." Lou Leventhal Auto Co., Inc. v. Munns, 164 Ind. App. 368, 378, 328 N.E.2d 734, 741 (1975). Apart from loss of use, the trial court may also award "damages for any deterioration in the value of the property while in the hands of the defendant . . . ." Yelton v. Slinkard, 85 Ind. 190, 191 (1882).

In determining damages, the trial court concluded Red Husky was entitled to recover $10,000 as a result of deterioration. This figure was supported by evidence that the fair market value of the Kenworth was $16,000, and it was sold for only $6,000 due to deterioration that occurred while Harris held the Kenworth between September 2011 and September 2012.

The trial court did not, however, determine whether it was appropriate to award damages for loss of use during the same time period. Red Husky presented evidence at the damages hearing as to the fair rental value of the Kenworth and that the Kenworth may have been leased to another lessee had Harris not detained it. It is entirely possible the trial court did not believe the Kenworth would have been leased even if Red Husky had possession or that the trial court believed nominal damages as to loss of use were appropriate. That said, it is clear from the trial court's order on damages that loss of use was not considered at all in the amount awarded. Therefore, we believe it is appropriate to remand to the trial court for a

determination of damages for loss of use of the Kenworth during the September 2011 through September 2012 period.

We take notice of a decision by the United States District Court for the Southern District of Indiana, McCready v. Harrison, 1:05-CV-1359-DFH-WTL, 2009 WL 62260 (S.D. Ind. 2009).  In McCready, the court held, in a replevin action, loss of use damages must be reasonable in relation to the fair market value of the property.  Id. at *3.

> Damages for the detention of certain property may conceivably under some circumstances amount to more than the value of the property itself, but on the other hand, the damages for such detention should not be permitted to become so far out of line with the value of the property as to be clearly disproportionate and oppressive.

Id. (quoting Cottrell v. Gerson, 296 Ill. App. 412, 16 N.E.2d 529, 539 (1938)).  We recognize that McCready is not binding precedent, but we believe the rule it espouses is a prudent one and should be considered in determining damages in a replevin action.  The amount of damages in a replevin action must be limited to a reasonable amount—both as a general matter and in relation to the fair market value of the property.  And although deterioration and loss of use are separate theories of recovery, we believe the total damages award is subject to a requirement of reasonableness.[1]

As a final point, we do not agree with Harris's assertion that the trial court's damage award with respect to deterioration was an abuse of discretion.  Harris maintains the Lease to Purchase Agreement gave Bowne a right to possession of the Kenworth until June 5, 2012, and thus Harris should not be liable for damages for wrongful detention prior to that date.

---

[1] We note that the trial court already determined the fair market value of the Kenworth to be $16,000

However, Bowne was in default of the lease agreement with Red Husky long before that date, and as a result, Red Husky was entitled to retake possession of the Kenworth. <u>See</u> Ind. Code § 26-1-2.1-523 and -525.

## Conclusion

We conclude the trial court did not err by awarding summary judgment in favor of Red Husky. Further, we conclude the trial court's award of damages based on deterioration of the Kenworth is supported by the evidence but remand for a determination of whether Red Husky is entitled to additional damages for loss of use.

Affirmed in part and remanded.

RILEY, J., and BRADFORD, J., concur.

---

and that damages for deterioration have already been assessed in the amount of $10,000.