## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 31 2018, 9:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Kristin A. Mulholland
Crown Point, Indiana

ATTORNEY FOR APPELLEES/CROSS-APPELLANTS

Mary P. Lake
LaPorte, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacob M. Pasternac and Rainbow Community, Inc., <br><br> *Appellants-Defendants,* <br><br> v. <br><br> Robert A. Harris, TWG Merrill, LLC, BPRS Green Acres, LLC, and Weiner Green Acres, LLC, <br><br> *Appellees/Cross-Appellants-Plaintiffs.* | May 31, 2018 <br><br> Court of Appeals Case No. 46A05-1704-MI-816 <br><br> Appeal from the LaPorte Superior Court <br><br> The Honorable Michael S. Bergerson, Judge <br><br> Trial Court Cause No. 46D01-1702-MI-229 |

**Pyle, Judge.**

# Statement of the Case

Jacob M. Pasternac ("Pasternac") and Rainbow Community, Inc. ("Rainbow Community") appeal the trial court's grant of the preliminary injunction requested by Robert A. Harris, TWG Merrill, LLC, BPRS Green Acres, LLC, and Weiner Green Acres, LLC (collectively, "Harris and Green Acres"). Harris and Green Acres also cross-appeal. We need not address Harris and Green Acres' cross-appeal because we find Pasternac and Rainbow Community's appeal argument that the trial court failed to make findings of fact and conclusions thereon as required by Indiana Trial Rule 52(A) dispositive. We reverse and remand with instructions for the trial court to enter a new order containing findings of fact and conclusions thereon within thirty days. At that time, the parties may then amend their briefs as needed.

We reverse and remand with instructions.

# Issue

Whether the trial court abused its discretion when it granted Harris and Green Acres' motion for a preliminary injunction.

# Facts

Green Acres Manufactured Housing Community ("Green Acres") is a mobile home community in Michigan City. Harris bought a mobile home ("Mobile Home") at Green Acres in 2002 so that his girlfriend, Sandra Clement ("Clement"), could live there. Starting in February 2002, Clement lived in the Mobile Home, even though Harris retained ownership of it. In April of 2007,

Harris paid off the lienholder and received the original certificate of title, #02079042054. At some point thereafter, he signed and printed his name in the section "SELLER MUST COMPLETE". (Appellees' Ex. 5). Next to the "Signature of the Seller" box, he wrote that his "Position" was "owner," and then he crossed out "owner and wrote "seller." (Appellees' Ex. 5).

[4] Every two years while she lived in the Mobile Home, Clement signed a lease with Green Acres to continue living in the community. On October 10, 2014, Clement signed one such lease agreement, titled "Manufactured Home Site Rental Agreement" ("Rental Agreement"). The Rental Agreement included a right of first refusal provision that specified:

> If Resident desires to sell his or her manufactured home located within the Community, Resident shall serve written notice upon [Green Acres] of Resident's attempt to sell his or her manufactured home. . . . Upon actual receipt of the written notice, [Green Acres] shall have seventy[-]two (72) hours

thereafter . . . in which to inspect the manufactured home site, shed and attachments, and to notify Resident of [Green Acres'] intent to purchase based upon the purchase price, terms and conditions as set forth in said offer. . . . If Resident sells the home in violation of this provision [or] this site rental agreement, . . . then the buyer will be deemed to be a Trespasser and will be evicted from [Green Acres'] property and the Resident will remain responsible for the payment of home site fee(s) and other charges through the end of the initial term of Agreement or, after this Agreement is renewed on a month-to-month basis, the rental period.

(Appellees' Ex. 1).

In September of 2016, Pasternac, the owner and President of Rainbow Community, Inc. ("Rainbow Community"), approached Clements about buying the Mobile Home. Clements possessed the Certificate of Title for the home, which was in the state depicted above—carrying Harris's printed name and signature and the title "owner" crossed out with the title "seller" written above it. (Appellees' Ex. 5). The boxes for "Date of sale" and "Selling price" remained blank. (Appellees' Ex. 5).

On October 18, 2016, Clements executed a "Mobile Home Sales Contract," selling the Mobile Home to Rainbow Community. (Appellees' Ex. 6). The Mobile Home Sales Contract noted "title owner reads Robert A. Harris[.] Actual owner and legal seller is Sandra L. Clements." (Appellees' Ex. 6). Clements and Rainbow Community also executed a handwritten "Bill of Sale." (Appellees' Ex. 7). The Bill of Sale provided that the agreement was between "Robert A. Harris . . . Actual owner/seller an[d] in possession of title Sandra L.

Clements." (Appellees' Ex. 7). Clements signed and fingerprinted the Mobile Home Sales Contract, Bill of Sale, and Certificate of Title and gave the Certificate of Title for the Mobile Home to Pasternac. She did not notify Harris about this transaction or ask for his permission for the sale, and she did not notify Green Acres so that Green Acres could exercise the right of first refusal provision of the Rental Agreement. Pasternac submitted the Bill of Sale to the Bureau of Motor Vehicles ("BMV"), and the BMV issued a title to the Mobile Home in Rainbow Community's name on December 1, 2016.

[7] Phil Stebbins ("Stebbins"), the Community Manager at Green Acres became aware of Clements' sale of the Mobile Home in December 2016. On December 16, 2016, contractors who worked for Pasternac attempted to move the Mobile Home from Green Acres. However, Stebbins, at the instruction of his supervisor, moved his truck so that it effectively blocked the Mobile Home from being moved.

[8] Pasternac then obtained a mobile home move permit for the Mobile Home on January 31, 2017. The permit listed Harris as the owner of the Mobile Home and Rainbow Community as the purchaser. After obtaining the permit, Pasternac tried a second time to move the Mobile Home on February 3, 2017. Stebbins again prevented the move by blocking the Mobile Home with his car.

[9] The same day as Pasternac's second attempt to move the Mobile Home, February 3, 2017, Harris and Green Acres filed a complaint requesting damages and a permanent injunction preventing Pasternac and Rainbow Community

from removing the Mobile Home and allowing Green Acres to exercise its right of first refusal. In the complaint, Harris and Green Acres alleged that Clements had never held an ownership interest in the Mobile Home, that Pasternac and Rainbow Community had obtained a title for the Mobile Home from the Indiana BMV by fraudulently misrepresenting their ownership interest, and that Pasternac and Rainbow Community had obtained the mobile home permit through fraudulent means. Harris and Green Acres further alleged that Pasternac and Rainbow Community had refused to relinquish the "false and fictitious title" and had continued to attempt to remove the Mobile Home "without right." (App. Vol. 2 at 8). Harris and Green Acres also filed a petition for a temporary restraining order preventing Pasternac and Rainbow Community from moving or attempting to remove any part of the Mobile Home until the case could be resolved.[1]

[10] The trial court held a hearing on the petition for a temporary restraining order on February 14, 2017.[2] At the hearing, Harris testified that he had signed the Certificate of Title because he had wanted Clements to be able to have the Mobile Home if he died. He did not remember when he had signed it, or

---

[1] Notably, Harris and Green Acres seemed to have conflicting interests in their joint complaint. While both sought to prevent Pasternac and Rainbow Community from removing the Mobile Home and both wanted Pasternac and Rainbow Community to relinquish the "false and fictitious title," Harris claimed that he rightfully owned the Mobile Home. If the trial court were to order the title reinstated in Harris's name, the would not be able to allow Green Acres to exercise its right of first refusal.

[2] The Chronological Case Summary lists the February 14, 2017 hearing as a hearing on the motion for a temporary restraining order, but at the hearing the trial court and the parties agreed to address the motion for a preliminary injunction and the issue of "ownership" of the Mobile Home. (Tr. Vol. 2 at 5).

whether he had given the title to Clement, but he admitted that he "must have" done so. (Tr. Vol. 2 at 40). He also said that he had "absolutely not" intended his signature to create "a transfer" and that he had not authorized Clements to sign the title herself or to transfer it to anyone else. (Tr. Vol. 2 at 31).

[11] Pasternac testified and acknowledged that he had known about Green Acres' right of first refusal. He said that he had left it up to Clements to inform Green Acres about the sale because "the contract [was] between [Green Acres] and her." (Tr. Vol. 2 at 98).

[12] At the conclusion of the hearing, the trial court entered an order ruling that:

> Notwithstanding the fact that the Plaintiff, Robert A. Harris, created the situation wherein his interest in the [Mobile Home] had been effectively transferred to Ms. Sandy Clements, the defendant, though not guilty of any fraud or actual misrepresentation, cannot be deemed to be a bona fide purchaser in good faith.
>
> If anything, the defendant's knowledge of the "Right of First Refusal" provision of the Site Rental Agreement as well as prior dealings with agents of the Plaintiff would have been sufficient to place the defendant on notice that, in addition to buying a mobile home, he was running the risk of "buying a lawsuit[,"] which he could have avoided by the placement of a telephone call to the offices of the Plaintiff, Green Acres.

(App. Vol. 2 at 24-25). Based on this reasoning, the trial court ordered the title for the Mobile Home to be restored to Clements, "whereupon Green Acres may exercise its Right of First Refusal." (App. Vol. 2 at 25). The trial court thereby entered a "general judgment on the Complaint" and a "Preliminary Injunction

against the Defendants," although it reserved the determination of damages for a future hearing.[3] (App. Vol. 2 at 24). Pasternac and Rainbow Community now appeal this interlocutory order, and Harris and Green Acres cross-appeal.

## Decision

[13]    On appeal, Pasternac and Rainbow Community argue that the trial court abused its discretion when it granted Harris and Greenacres' request for a preliminary injunction because the court did not make special findings of fact and conclusions thereon to support its judgment.

[14]    The grant or denial of a request for a preliminary injunction rests within the sound discretion of the trial court, and our review is limited to whether there was a clear abuse of that discretion. *City of Gary, Ind. v. Majestic Star Casino, LLC*, 905 N.E.2d 1076, 1082 (Ind. Ct. App. 2009), *trans. denied.* As Pasternac and Rainbow community note, a trial court is required to make special findings of fact and conclusions of law when determining whether to grant a preliminary injunction. *Id.*; Ind. Trial Rule 52(A)(1). When a trial court has made findings of fact and conclusions of law, our role as a reviewing court is to assess whether the trial court's findings support the judgment. *Id*. "We will reverse the trial court's judgment only when it is clearly erroneous. Findings of fact are clearly

---

[3] The court also entered an order granting Green Acres' request for a temporary restraining order.

erroneous when the record lacks evidence or reasonable inferences from the evidence to support them." *Id.*

[15] Here, the trial court failed to make specific findings of fact and conclusions of law as required by law. This impedes our ability to complete our task as a reviewing court. Accordingly, we conclude that the trial court abused its discretion in granting the preliminary injunction. We reverse the trial court's order and remand with instructions for the trial court to enter a new order including findings of fact and conclusions of law within thirty days. At that point, the parties may amend their briefs as needed.[4]

[16] Reversed and remanded with instructions.

[17] Riley, J., and Robb, J., concur.

---

[4] These findings of fact and conclusions of law should include the factors for granting a preliminary injunction and should address ownership of the Mobile Home in the context of Indiana law, which provides that "'[c]ertificate of title is not of itself proof of ownership or legal title to [a] vehicle[, and] [a] person may have legal title in a vehicle even though he does not possess a certificate of title.'" *Roy Bayer Trust v. Red Husky, LLC*, 13 N.E.3d 415, 418 (Ind. Ct. App. 2014) (quoting *Pekins Ins. Co. v. Charlie Rowe Chevrolet, Inc.*, 556 N.E.2d 1367, 1370 (Ind. Ct. App. 1990)) (emphasis added). "'Rather, certificates of title . . . are *indicia* of ownership and control.'" *Id.* (quoting *Brackin v. Brackin*, 894 N.E.2d 206, 212 (Ind. Ct. App. 2008)). "Standing alone, a certificate of title raises an inference of legal title in the holder subject to contradiction by other evidence." *Brackin*, 894 N.E.2d at 212. Also on remand, the trial court should assess whether Green Acres has a remedy at law for Clements' violation of its right of first refusal. *See Ferrell v. Dunescape Beach Club Condominiums Phase I, Inc.*, 751 N.E.2d 702, 712 (Ind. Ct. App. 2001) (noting that one of the factors for granting an injunction is "whether plaintiff's remedies at law are inadequate").